MARSHALL PARKS *vs.* INHABITANTS OF WALTHAM.

Middlesex. Jan. 12. — March 6, 1876. COLT & ENDICOTT, JJ., absent.

Fire ordinances, adopted by a town in 1844, provided that " there shall be paid annually to each member of the department such compensation as the town may from time to time determine." One article in the warrant for the town meeting called in May, 1874, was as follows : " To hear and act on the report of the committee to consider the matter of the pay of the fire department." Under this article the town voted that the board of engineers and clerk be paid for 1873 the same as for

the previous year, which amounts are as follows: "Chief engineer, $100; clerk $75; assistants, each $50." In an action against the town by the chief engineer to recover for his services during the year ending April 30, 1874, it was admitted that the above vote had reference to the year for which the action was brought. *Held*, that the vote constituted a contract between the plaintiff and the town, and that the plaintiff could recover $100, and no more, for his services.

CONTRACT to recover $400 for services rendered the defendant town as chief engineer of the fire department, for the year ending April 30, 1874. Trial in the Superior Court, before *Brigham*, C. J., who ruled that the plaintiff could not maintain his action, and allowed a bill of exceptions, the substance of which appears in the opinion.

*T. B. Eaton*, for the plaintiff.

*B. B. Johnson*, for the defendant.

MORTON, J. This suit is brought by the plaintiff to recover compensation for his services as chief engineer of the fire department of the town of Waltham for the year ending April 30, 1874. It is admitted that he was duly appointed chief engineer, and performed services in that capacity during the said year, and the question is whether the evidence shows any contract by the town to pay for such services which the plaintiff can enforce.

It appeared at the trial that the defendant's fire department was organized in 1844, and that since then the defendant has paid the engineers for their services out of money annually appropriated for that purpose. The sixteenth section of the "fire ordinances" adopted by the town in 1844 provides that "there shall be paid annually to each member of the department such sums as the town may from time to time determine." One of the articles in the warrant for the town meeting called for May 24, 1874, was as follows: " To hear and act on the report of the committee to consider the matter of the pay of the fire department." Under this article the town " voted that the board of engineers and clerk be paid for 1873 the same as for the previous year, which amounts are as follows : " Chief engineer, $100; clerk, $75; assistants, each $50." It is conceded that this vote had reference to the year for which this suit is brought.

We are of opinion that this vote constituted a contract with the plaintiff by which the town is bound. He rendered services

ander the fire ordinances, which must be presumed to have been in the minds of both parties. It was understood by both that these services were not gratuitous, but that the plaintiff was to be paid therefor such reasonable sum as the town should determine. On the one hand, the plaintiff cannot recover any more than such sum as the town, acting in good faith, determines to be a reasonable compensation. On the other hand, the town having by its vote determined what is a reasonable compensation, is bound by it; and, if it refuses to pay the sum thus voted, the plaintiff may maintain an action for it. Such vote shows a promise by the town to the plaintiff which is founded upon the consideration of services rendered by him for the benefit and at the request of the town. *Nelson* v. *Milford*, 7 Pick. 18. *Bancroft* v. *Lynnfield*, 18 Pick. 566.

It follows therefore that, upon the facts stated in the bill of exceptions, the plaintiff is entitled to recover one hundred dollars, and that the ruling of the learned judge who presided at the trial, directing a verdict for the defendant, was erroneous.

*Exceptions sustained.*