INHABITANTS OF ARLINGTON *vs.* J. W. PEIRCE.

Middlesex.    Jan. 12. — March 7, 1877.    COLT & AMES, JJ., absent.

A town has power to compensate a member of a committee, appointed to execute the powers conferred upon the town by statute, for the purpose of supplying the town with pure water; and its intention and agreement to make such compensation may be shown by its ratification and confirmation of doings of the committee or of other agents or officers of the town.

A member of a committee, appointed by a town to execute the powers conferred upon the town by statute, for the purpose of supplying the town with pure water, for whose compensation no appropriation had been made, was paid a certain sum for his services by the town treasurer. At a subsequent town meeting, the report of the committee, containing this amount among the expenditures, was accepted. and at the next annual town meeting the report of the town treasurer, approved by the report of auditors, printed copies of which had been distributed among the voters before the meeting, and which contained the amount so paid, was also accepted. *Held*, that such acceptance was a conclusive ratification by the town of such payment, and could not afterwards be rescinded by a vote of the town at a subsequent meeting, or the amount paid be recovered back.

CONTRACT for money had and received, alleged to have been illegally paid the defendant by the treasurer of the plaintiff town.

At the trial in this court, before *Morton*, J., certain votes of the town were put in evidence, passed in 1871 and 1872, to execute the powers conferred upon the town by the Sts. of 1870, *c.* 93, and 1871, *c.* 245, for supplying its inhabitants with pure water. By these votes a committee was appointed, of which the defendant was a member, and its powers and duties defined. On June 13, 1873, the defendant presented a bill to the town treasurer, to the amount of $2000, for his services as a member of the committee, which bill was approved by a majority of the committee, and was paid by the treasurer. The defendant contended that the payment to him was authorized by the above mentioned votes, but it is not necessary now to state them.

It appeared that at a town meeting held on June 18, 1873, a report of the committee, signed by the defendant, with three

other members, styling themselves the water committee, was read and accepted, under an article in the warrant which was as follows : " Article 3d. To hear and act on the report of the water committee and commissioners." This report stated the amount already paid on the works, and the estimated liabilities, and contained, among others of the amounts already paid, this item, " Paid J. W. Peirce, service on committee, $2000." No further action was taken on said report at that or any subsequent meeting.

It also appeared that at the annual town meeting in March, 1874, the printed reports of the town officers, of which a copy was left at the residence of every voter in the town, ten days before such meeting, contained, among the list of expenditures for the year preceding, the following, among other items of the amounts paid for the waterworks : " Paid J. W. Peirce for service on committee, $2000." The whole amount of expenditures on water account in this list, being $29,645.21, was placed on the credit side of the treasurer's balance sheet. In the report of the board of water commissioners, under bills paid, was the following item : " J. W. Peirce for services as water committee, $2000."

Under an article in the warrant for this meeting, reading as follows : " Article 4. To hear and act on the reports of the selectmen and other town officers and committees heretofore appointed," by vote of the town, the treasurer's report, containing the item of $29,645.21, cash paid on the waterworks, was accepted. The auditors' report at that date, approving the treasurer's report, was also accepted. The selectmen's report, at an adjourned session of said meeting, was received and laid on file, and there is no record of any further action upon the same. The water commissioners' report was recommitted to make additions, and report at an adjourned meeting. At another adjourned session of the same meeting, on March 25, 1874, without any rescission of former votes, as to the treasurer's report, on consideration of the water commissioners' report, it was voted, " That the town do not allow the $6057.75 reported as paid the water committee," which sum included the amount referred to as paid the defendant.

It also appeared that at a town meeting held on April 20, 1874, a vote was passed, under an article in the warrant, that

the sum appropriated by the water committee to themselves be returned to the town treasury; and that a demand in writing was made upon the defendant for the return of the money paid to him.

It was conceded that there was no vote of the town, giving the members of the committee any salary or compensation, or making any appropriation therefor, other than as above stated.

The judge ruled that the plaintiff could not recover on this evidence, directed a verdict for the defendant, and reported the case for the consideration of the full court. If the ruling was erroneous, the verdict was to be set aside and a new trial granted; otherwise, judgment was to be entered on the verdict.

*A. A. Ranney & H. J. Wells*, for the plaintiff.

*T. H. Sweetser & J. H. Hardy*, for the defendant.

GRAY, C. J. The defendant was not a public officer appointed or elected under the statutes of the Commonwealth; but was one of a committee appointed by the town to execute the powers conferred upon the town by the Sts. of 1870, c. 93, and 1871, c. 245, for supplying its inhabitants with pure water. It was clearly within the power of the town to compensate the members of this committee for their services. The intention and agreement of the town to make such compensation might be shown either by previous vote, or by subsequent action ratifying and confirming the doings of the committee or of other agents or officers of the town. *Stimpson* v. *Malden*, 109 Mass. 313. *Parks* v. *Waltham*, 120 Mass. 160. *Emerson* v. *Newbury*, 13 Pick. 377. *Crawshaw* v. *Roxbury*, 7 Gray, 374.

It is unnecessary to consider whether the votes of the town in 1871 and 1872, appointing this committee and fixing its duties and powers, authorized the committee to pay any compensation to its own members; because the amounts paid to the defendant and other members of the committee for their services clearly appeared in a report of the committee, which was accepted by the town at a meeting in June, 1873, under an appropriate article in the warrant, and also in the report of the town treasurer, approved by the report of the auditors, both of which were accepted by the town at the annual meeting in March, 1874; and such acceptance, with the knowledge afforded by the reports themselves of all material facts, was a conclusive approval and

ratification of the acts thereby appearing to have been done in behalf of the town, and could not afterwards be rescinded or the amount paid to the defendant recovered back. *Niles* v. *Patch*, 13 Gray, 254. *Hunneman* v. *Grafton*, 10 Met. 454. *Hall* v. *Holden*, 116 Mass. 172. *Greenland* v. *Weeks*, 49 N. H. 472.

The case wholly differs from those, on which the plaintiff relies, in which the acceptance of the report made by a committee appointed to inquire into facts, and which does not recite or recommend any action in behalf of the town, has been held to be no evidence against the town of the truth of the facts reported. *Dudley* v. *Weston*, 1 Met. 477. *Collins* v. *Dorchester*, 6 Cush. 396. *Wheeler* v. *Framingham*, 12 Cush. 287.

*Judgment on the verdict.*