## KINSLEY *v.* NORRIS.

A vote of a town at a meeting warned for that purpose, accepting a report of the doings of a person assuming to act as the agent of the town in commencing and prosecuting certain suits, and conferring upon such person authority to refer, compromise, or settle any suits now pending as in his judgment is for the best interests of the town, is evidence of a ratification of the previous acts of the agent.

MOTION, by the defendants, selectmen of Dorchester, to dissolve a temporary injunction restraining them from dismissing, settling, or interfering with the prosecution of certain suits at law brought by the plaintiff, claiming to act as agent of the town, and for permission to assume the control of the same. In the warrant for the town-meeting held in Dorchester in March, 1879, was the following: "Art. 10. To see if the town will vote to choose an agent to examine into the financial affairs of this town from the commencement of 1864 to 1878 inclusive, and if such examination should disclose facts that make it apparent that any money has been misappropriated or illegally paid out or unaccounted for by any officer or officers of the town during the time specified, and if in the opinion of competent counsel suits of any sort can be maintained in the courts of the state against such officer or officers for such misappropriation, said agent is hereby empowered to commence such suits at once at the expense of the town, and prosecute the same to final issue. No power is hereby granted such agent to compromise, settle, or discharge any suits or causes for the same that may arise under this article, without a vote of the town is first obtained authorizing such settlement or discharge." Under this article "Nathan B. Kinsley was chosen as agent to examine into the financial affairs of the town from 1864 to 1878 inclusive."

In the warrant for a meeting held November 1, 1879, were the following articles: "Art. 2. To hear the report of the town agent, Nathan B. Kinsley, as to all money paid out in the investigation and prosecution against * * * [naming parties], and all other bills and expenses incurred thereby." "Art. 3. To see what action, if any, the town will take in relation to the prosecution, compromise, or discontinuance of the actions in favor of the town against * * * [same parties], now pending in the supreme court for the eastern judicial district of Grafton county, and to see what instruction, if any, in relation to said actions, the town desires to give its agent, Nathan B. Kinsley; or do anything else deemed for the interest of said town in relation to said actions, and the subject-matter upon which said actions are founded." Under these articles it was "*Voted,* To hear the report of the agent. *Voted,* To accept the report. *Moved,* That the suits in favor of the town be discontinued. *Voted,* To poll the house by ballot. Yes, 66 ; No, 67. *Moved,*

That Nathan B. Kinsley be authorized to refer, compromise, or settle any suits now pending, as in his judgment is for the best interests of the town.  Resolution accepted and passed."

The report of Kinsley recited what examination he made of the financial affairs of the town; that he had employed counsel, and by advice of counsel instituted suits against the nine defendants named in the articles in the warrant to recover back the money which had been paid to them by the selectmen in 1875–'76 as a reimbursement for the money paid by them in 1864 for substitutes in the military service of the United States; and that the suits were then pending.  The court denied the motion to dissolve the injunction, and the defendants excepted.  -

*Burleigh & Adams,* for the defendants.

The suits against the defendants were not well brought, because the town agent, Nathan B. Kinsley, was limited in his powers and duties to an examination of the financial affairs of the town from 1864 to 1878 inclusive.  The articles in a warrant for town-meeting simply state the subject-matter of all business that can legally be acted upon.  The recorded votes of the town show what is actually done.  The article in the warrant called the attention of the town to particular powers and duties with which the agent might be clothed.  Where the power to do only one of the several acts named in the article was conferred, the intention to grant additional authority must by implication be excluded.  The acceptance of the report was not a ratification of the agent's authority.  The town did not adopt it.  ,

*C. R. Morrison,* for the plaintiff.

I. The suits against the officers were well brought.  The article in question was, in substance and legal effect, to see if the town would choose an agent for the purposes and with the powers specified and limited in the article.  It was not to see if the town would choose an agent to examine into the financial affairs of the town from 1864 to 1878, but to see if the town would vote to choose an agent for such a purpose who should have the powers stated and permitted in the article; and a vote to choose such an agent was a vote to choose one who should have those powers.

II. The acceptance of his report was a ratification of his authority and agency, so far as any ratification was necessary.  *Arlington* v. *Peirce,* 122 Mass. 270 ; *Niles* v. *Patch,* 13 Gray 254, 261 ; *Lisbon* v. *Holton,* 51 N. H. 209 ; *Grant* v. *Beard,* 50 N. H. 129.

III. It is impossible for the agent to either refer, compromise, or settle the suits " as in his judgment is for the best interests of the town," if he or his counsel can be discharged from the suits by these defendants.

CLARK, J.   It is immaterial whether the authority to commence suits was originally conferred upon Kinsley, because, after commencing the suits under the advice of counsel, he made a full report of all his doings at a town-meeting held November 1, 1879, specially called, as appears from the warrant, for the purpose of hearing Kinsley's report as town agent, and to see what action the town would take in relation to the prosecution, compromise, or discontinuance of the suits commenced by him in favor of the town. At this meeting the report of Kinsley as agent was read and accepted, a motion to discontinue the suits was voted down, and Kinsley was authorized " to refer, compromise, or settle any suits now pending, as in his judgment is for the best interests of the town." If no previous authority was given, this action of the town was a recognition of Kinsley as agent and a ratification of his agency. It not only confirmed what had been done, but it clothed him with additional powers in the future management and control of the pending suits. *Greenland* v. *Weeks*, 49 N. H. 472; *Grant* v. *Beard*, 50 N. H. 129; *Lisbon* v. *Holton*, 51 N. H. 209; *Niles* v. *Patch*, 13 Gray 254; *Arlington* v. *Peirce*, 122 Mass. 270.

The plaintiff being a special agent to manage and conduct the suits, the selectmen have no authority or control in the matter.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.