### LOGAN C. MURRAY vs. C. N. NELSON LUMBER COMPANY.
### SAME vs. SAME.

Suffolk.   Nov. 11, 12, 1886. — Jan. 6, 1887.   HOLMES & GARDNER, JJ.,
                          absent.

In an action upon a written contract executed in the name of a corporation by its
president, it appeared that there was no vote, either of the corporation or of the
directors, giving the president authority to execute the contract; that, under
the by-laws, the directors might confer upon him such authority; that there
were five directors, of whom the president was one; and there was evidence
that one director besides the president knew of this contract; but there was no
direct evidence that the other three directors had any knowledge of it. The
judge instructed the jury, that, if "the corporation, represented by its entire
board of officers, knew of and ratified the contract, it would be as binding as if
the corporation had authorized it by express vote;" and further instructed the
jury as follows: "But all directors of a corporation are presumed to know
what it is their duty to know, what they are able to know, and what they under-
took to know when they accepted the responsibility of directors, and a jury
have a right to suppose that the directors of a corporation have a knowledge of
its concerns. In the absence of direct and positive evidence of the knowledge
of the directors, jurors have a right to assume that they are doing what they
were appointed to do, and that they know what they are appointed to know."
*Held*, that these last instructions were erroneous.

MORTON, C. J.   In each of these cases, the first count of the
plaintiff's declaration is upon a written contract, executed in the
name of the defendant corporation, by Charles N. Nelson, its
president.   It is conceded, and the Superior Court so ruled, that
Nelson, who was president and general agent of the defendant
corporation, had no authority as such to execute the contract.
There was no vote, either of the corporation or of the directors,
giving him such authority.   Under the by-laws, the directors
might confer upon him such authority, but they did not do so.
The plaintiff contended that the directors ratified the contract
after it was made, and this raised one of the vital issues of the
case.   There were five directors, of whom the president was one.
There was evidence that one director besides the president knew
of this contract, but there was no direct evidence that the other
three directors had any knowledge of it.   The court instructed
the jury, that, if "the corporation, represented by its entire board
of officers, knew of and ratified the contract, it would be as

binding as if the corporation had authorized it by express vote."
No objection was made to this ruling. But the court further
instructed the jury as follows: " But all directors of a corpora-
tion are presumed to know what it is their duty to know, what
they are able to know, and what they undertook to know when
they accepted the responsibility of directors, and a jury have
a right to suppose that the directors of a corporation have a
knowledge of its concerns. In the absence of direct and posi-
tive evidence of the knowledge of the directors, jurors have the
right to assume that they are doing what they were appointed
to do, and that they know what they are appointed to know."
This was excepted to, and we are of opinion that it was erro-
neous.

It is a well-settled rule, that a ratification by a principal of
the unauthorized acts of an agent, in order to be effectual, must
be made with a knowledge on the part of the principal of all the
material facts. And the burden is upon the party who relies
upon a ratification to prove that the principal, having such
knowledge, acquiesced in and adopted the acts of the agent. It
is not enough for him to show that the principal might have
known the facts by the use of diligence. *Combs* v. *Scott*, 12
Allen, 493.

When the alleged principal is a corporation, a ratification
may be shown by proving that the officers who had the power
to authorize the act knew of it, and adopted it as a valid act of
the corporation, although no formal· vote is passed by them.
*Sherman* v. *Fitch*, 98 Mass. 59. *Lyndeborough Glass Co.* v. *Mas-
sachusetts Glass Co.* 111 Mass. 315. *Kelley* v. *Newburyport Horse
Railroad*, 141 Mass. 496.

In the case at bar, therefore, it was incumbent upon the plain-
tiff to show that the directors, or at least a majority of them,
knew of the contract and its terms, and that, with such knowl-
edge, they acquiesced in and adopted it.

But the instructions given by the court gave to the jury a dif-
ferent test. Under them, the jury would naturally understand
that it was not necessary to find that the directors knew of the
contract, but that it would be sufficient if, in their judgment,
the directors, by the use of diligence, might have known it.
The instructions are even broader than this, as they told the

jury that the directors were presumed to know what they were able to know, and that the jury had the right to suppose that the directors of a corporation had a knowledge of its concerns.

The inferences which may be drawn from the relation of the directors to the corporation and its concerns, as to the probability of their having a knowledge of the contract in question, is a matter exclusively for the jury. There are no such presumptions of law as those stated in the instructions: if the court intended to state them as presumptions of fact, it in so doing exceeded its duty, and trenched upon the functions of the jury by charging upon the facts.

We are not considering whether there was sufficient evidence to justify the jury in finding that the directors had knowledge of the contract and its terms. That is a different question. We can only consider the question of the correctness of the instructions given.

Although the court in one part of the charge stated or implied that the issue was whether the directors knew of the contract, yet the instructions above quoted upon the same subject so far qualified the general instruction as to mislead the jury. They were too favorable to the plaintiff, and would lead the jury to misunderstand the rights of the parties.

*Exceptions sustained.*

*L. D. Brandeis,* (*A. M. Howe & T. J. Homer* with him,) for the defendant.

*G. L. Huntress,* (*H. Albers* with him,) for the plaintiff.