## Catharine Yetzer *v.* Louis X. Brisse, Appellant.

*Will—Power to sell—Widow.*

Testator directed as follows: "I give, devise and bequeath to my beloved wife all my estate, real, personal and mixed, of whatsoever kind, and wherever the same may be at the time of my decease, for her to have, to hold and enjoy during her natural life, or so long as she shall remain my widow. I also order and direct that in case my wife cannot support and maintain herself from my real estate, she is hereby authorized to sell the same and use the proceeds for her support and maintenance. . . . and after the decease or remarriage of my wife, Catherine, I dispose of all the rest or residue of my estate, real, personal and mixed, wheresoever the same may be" to two sons and a daughter, share and share alike. *Held*, that the wife had a discretionary power to sell, and could make a good title to testator's real estate upon her declaration that she could not support and maintain herself from the real estate.

Argued Feb. 27, 1899. Appeal, No. 93, Jan. T., 1899, by defendant, from judgment of C. P. Berks Co., Feb. T., 1899, No. 54, on case stated. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The case stated was as follows:

Catharine Yetzer, the plaintiff, by articles of agreement duly executed, bearing date November 17, 1898, in consideration of the sum of $2,000, agreed to convey to Louis X. Brisse, the defendant, in fee simple, clear of all incumbrances, "All that certain two-story brick dwelling house and lot or piece of ground situate on the east side of South Ninth street, No. 105, bounded and described as follows: (description)."

Under said articles the deed was to be delivered and possession given on or before January 1, 1899. Upon execution of the articles, the defendant paid to the plaintiff the sum of $100. On or before January 1, 1899, the plaintiff tendered to the defendant a deed bearing date December 31, 1898, duly executed, wherein, for the consideration above mentioned, the plaintiff conveyed to the defendant the said premises described as aforesaid. This deed the defendant refused to accept, and furthermore, refused to pay to the plaintiff the balance of the purchase money, $1,900, alleging that the plaintiff did not hold the title

to said premises in fee simple, and therefore could not carry out the agreement. The plaintiff claimed the premises as devisee under the will of Joseph Yetzer, whose widow she is. Joseph Yetzer, being seized in his demesne as of fee of and in said premises, died testate, and by his last will and testament which remains on file in the office of the register of wills in and for the county of Berks, said real estate is devised as follows :

" Item. I give, devise and bequeath to my beloved wife, Catharine Yetzer, all my estate, real, personal and mixed, of whatsoever kind, and wherever the same may be at the time of my decease, for her to have, to hold and enjoy during her natural life, or so long as she shall remain my widow. I also order and direct that in case my wife cannot support and maintain herself from my real estate, she is hereby authorized to sell the same and use the proceeds for her support and maintenance. And I also order, and direct that in case I shall die from any cause, before my return from my contemplated visit to Europe, then my wife shall collect all my outstanding accounts, and purchase a house with the same, and have the deed made in the name of my estate, and from which she shall receive the rents and profits for her use during her natural life or as long as she shall remain my widow.

" And after the decease or remarriage of my wife Catharine Yetzer, I dispose of all the rest or residue of my estate, real, personal or mixed, wheresoever the same shall be, in the following manner, to wit :

" Item. I give and bequeath to my daughter Mary Yetzer, a teacher in a cloister, in the State of Michigan, five dollars.

" Item. I give and bequeath to my son Joseph Yetzer, one undivided one-third share.

" Item. I give and bequeath to my son John Yetzer one equal one-third share.

"Item. I give and bequeath to my daughter Emma Yetzer one equal one-third share."

The plaintiff, Catharine Yetzer, alleging that she could not support and maintain herself from the real estate, entered into the articles as aforesaid, agreeing to sell the same to the defendant.

If the court be of the opinion that Catharine Yetzer, under the last will and testament of her husband Joseph Yetzer, ac-

quired the title in fee simple to the real estate which she agreed to convey in fee simple to Louis X. Brisse, the defendant, in said agreement recited as aforesaid, then judgment is to be entered in favor of the plaintiff for the sum of $1,900, with interest from January 1, 1899, but if not, then judgment to be entered for the defendant, either party reserving to sue out a writ of error therein.

Ermentrout, P. J., filed the following opinion:

The case stated raises but one question: Can Catharine Yetzer, under the will of her husband, Joseph Yetzer, convey a title in fee simple to Louis X. Brisse of the real estate No. 105 South Ninth street, Reading, Pa.?

The item in the will, " I give, devise and bequeath to my beloved wife Catharine Yetzer, all my property, real, personal and mixed, of whatever kind, and wheresoever the same may be at the time of my decease, for her to have, to hold, and to enjoy, during her natural life or so long as she shall remain my widow," clearly gives her no such power. The estate therein devised is not an estate in fee. But it is evident that the testator intended that, in a certain contingency, she should be the main recipient of his bounty, and, therefore, he further provided: " I also order and direct that in case my wife cannot support and maintain herself from my real estate, she is hereby authorized to sell the same and use the proceeds for her support and maintenance." The property No. 105 South Ninth street is the entire real estate of which Yetzer died seized. The will points out no method by which is to be ascertained whether she could or could not support and maintain herself from the real estate, evidently leaving and intending so to leave the ascertainment of this fact to her and her alone. Her judgment is absolutely unfettered. It is also proper to say that defendant admits she cannot support and maintain herself out of this real estate. This fact determined, the power to sell is created and "she is authorized to sell the same and use the proceeds for her support and maintenance."

We see no force in the contention that she may sell only the interest given her for life or widowhood in the preceding clause.

The testator prescribed no limit. The sale of an estate for life or widowhood would not benefit her. Uncertain in its du-

ration, it would obviously be of but little value.   The testator expressly authorizes her to sell "my real estate" and not her interest therein given by the preceding clause.  As was held in Hemhauser v. Decker, 38 N. J. Eq. Rep. 426, citing 1 Sugden on Powers, 501: "To enable the donee of the power to convey a fee it is not necessary when it appears that the donor intended to authorize such grant, that he should specify the estate; it is enough if the power be merely a power to sell.   Where the intention is clear, a power may enable the donee to dispose of the fee, though no words of inheritance be used, as where a testator gives a power to sell lands, the donee may sell the inheritance, because the testator gives the same power he himself had."

And now, to wit: February 6, 1899, in accordance with the terms of the case stated, judgment is entered in favor of the plaintiff for the sum of $1,900, with interest from January 1, 1899, to wit: the sum of $1,911.83.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Harvey F. Heinly,* of *Rourke & Heinly,* with him *Harry F. Kantner,* for appellant.—A power of sale attached to an express life estate will not enlarge it to a fee: Hinkle's App., 116 Pa. 490; Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219; Kennedy v. Kennedy, 159 Pa. 327; Geyer v. Wentzel, 68 Pa. 84.

Even though it be found that the widow took an estate in fee, it is not an indefeasible fee simple: Redding v. Rice, 171 Pa. 301; McGuire's App., 11 Atlantic Rep. 72.

A purchaser who, under his contract, is entitled to demand a conveyance of an indefeasible estate in fee simple cannot be required to take an estate defeasible upon the happening of a certain event or upon a certain contingency.   This is not so much upon the ground that it is doubtful whether the estate will ever become absolute, as for the reason that the purchaser cannot be compelled to take an estate less in value and extent than that for which he bargained: Moore v. Williams, 23 Abb. New Cases, 404; McPherson v. Smith, 49 Hun, 254; Seaman v. Hicks, 8 Paige, 655.

*Stevens & Stevens,* for appellee, were not heard but cited in their printed brief : Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219 ; Dodge v. Moore, 100 Mass. 335 ; Crozier v. Hoyt, 97 Ill. 23 ; Hinkle's App., 116 Pa. 490.

PER CURIAM, March 13, 1899 :

It is unnecessary to add anything to what has been said by the learned president of the court below in this case. We find nothing in the record that requires a reversal or modification of the judgment entered in the case stated.

Judgment affirmed.