GEORGE PEIRCE *vs.* MORSE-OLIVER BUILDING COMPANY.

Penobscot.   Opinion December 8, 1900.

*Corporations.   Directors,—Acts of, how proved.*

Directors, individually, cannot bind or affect the rights of a corporation.

While it is not necessary that the votes of the directors of a corporation should be formal ones, nor necessarily in formal meetings, nor that they should be proved by record, but may be shown by circumstances or conduct, the directors must act as a board and not as individuals. Whatever the directors may do, the source of their authority must be found ultimately in some action of the board as such.

*Held;* in this case, that it was incumbent on the plaintiff to show either that Charles B. Brown had authority as agent of the defendant to make the contract relied upon, or was held out by the directors as having authority, or that the contract was assented to and ratified by the directors after it was made.

The acts and conversations of the various directors, which are relied upon by the plaintiff, were not those of the board, or under any authority of the board, which has been shown. They were rather the acts and conversations of some but not all of the individual directors, acting separately; on the plaintiff's own version, the corporation was not bound.

ON MOTION BY DEFENDANT.

Assumpsit for breach of contract.

The plaintiff's claim was based upon an alleged contract which he says he made with the defendant, the defendant acting through an agent, and that under this contract he agreed to furnish and set up the granite in the building which the defendant was about to erect, and that the defendant agreed to accept from him and pay him for this granite at the stipulated price of $15,787, if pink granite should be used, or $15,000, if gray granite should be used; that the defendant refused to carry out this contract, and that he, though he did nothing and incurred no expense in the way of executing his part of the contract, has failed to make the profits which he thinks he might have made had the contract been fulfilled.

The defendant denied that it ever made any such contract, or that it ever had any agent authorized to make any such contract, and further says that there is no evidence in the case to show that the plaintiff would have made any profits had the contract been made and fulfilled. Verdict for plaintiff, $3,097.60.

The case is stated in the opinion.

*R. F. and J. R. Dunton,* for plaintiff.

On the question whether a person is the agent of a corporation or not, the same presumptions are applicable to such bodies as to individuals. 2 Greenl. Evidence, § 62, *Maine Stage Co.* v. *Longley,* 14 Maine, 444.

Authority in the agent of a corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make objection, as well as in the case of individuals. *Fitch* v. *Steam Mill Co.,* 80 Maine, 34; *Sherman* v. *Fitch,* 98 Mass. 64; *Badger* v. *Bank of Cumberland,* 26 Maine, 435.

When the alleged principal is a corporation, a ratification may be shown by proving that the officers, who had the power to authorize the act, knew of it and adopted it as a valid act of the corporation, although no formal vote is passed by them. *Murray* v. *Nelson Lumber Co.,* 143 Mass. 250.

Corporations almost universally enter into contracts through

their duly accredited agents; indeed, it would be practically impossible, in most cases, for the whole body of corporators to act directly. It has been held that a corporation may give its assent to a contract by vote of its shareholders or members, at a meeting duly convened. In such cases, the majority speak as agent for the whole association; and the powers of the majority are derived directly from the unanimous agreement of the corporators. As a rule, however, corporations contract through a board of directors, or inferior agents, whose powers are fixed by the provisions of the charter, by the terms of their appointment, or by custom. Morawetz on Corporations, § 337.

It was formerly the rule that a corporation could appoint an agent only by a formal resolution of its board of directors, and under its corporate seal; but this doctrine has long since been abandoned, and the authority of an agent to make the contract may now be shown, as in the case of individuals. It may be by showing an express appointment, or implied from the adoption or recognition of his acts by the corporation. It is now also held that, in the absence of a formal provision in its charter or the law of the state under which it exists, a corporation may confer authority upon an agent to perform any duty within the scope of its corporate powers by parol, and that such authority may be implied, as in other cases. And such ratification need not be by a formal vote or resolution of the board of directors. Beach on Contracts, § 998.

Agents may be appointed in the same manner as the agents of individuals; no formalities are required, nor is the use of a corporate seal necessary unless the contrary be expressly provided for by the company's charter. If a person is allowed to act as the agent of the company with its knowledge and acquiescence, the corporation is bound. Morawetz on Corporations, § 54.

The authority of the agent often depends upon the course of dealing which the company, or its directors, have sanctioned.

It may be established without reference to the official record of the board by proof of usages, etc., and by the acquiescence of the board charged with the duty of supervising and controlling the company's business. Id. § 509.

Statements of an alleged agent may be admitted, when they are a part of the transaction itself. So where it is sought to charge a party with contract liability, such statements must undoubtedly be introduced. Id. § 540 a.

Damages. Counsel cited: Beach on Contracts, § 1720; *Tibbetts* v. *Haskins*, 16 Maine, 283.

*C. F. Woodard*, for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, FOGLER, POWERS, JJ.

SAVAGE, J. Action to recover damages for the breach of an alleged contract whereby the plaintiff was to furnish the granite to be used in the construction of the defendant's building. The plaintiff recovered a verdict, and the case is now before us upon the defendant's motion for a new trial.

The following facts do not appear to be in dispute. The defendant corporation was organized for the purpose of erecting a business block in the city of Bangor. Llewellyn J. Morse, Hiram P. Oliver, Hiram H. Fogg and Franklin A. Wilson were the only stockholders and they were also the directors. After the organization, in April, 1899, although certain business was transacted, there was no recorded action of the directors prior to June 9, following. While the work on the foundation was proceeding, invitations were issued to several contractors, on or about May 10, 1899, for sealed .proposals "for all the labor and materials required for the erection of the Morse-Oliver Building." Three proposals were received and opened May 22. On the following day all these bids were rejected. Among the proposals so received and rejected was one by Charles B. Brown. The plaintiff furnished no proposal to the corporation, but he had previously given to Brown a proposal to furnish the granite, and Brown's proposal for the whole building was based, so far as the granite was concerned, upon plaintiff's proposition. It seems that the bids were unexpectedly high, and that thereupon the directors, by modifications of the plans and otherwise, sought to lessen the cost of the

structure. On June 9, the directors at a formal meeting voted "that all negotiations and contracts between this company and any other persons, firms or corporations for furnishing any material or performing any labor above the foundation on the Morse-Oliver block are hereby cancelled," and at the same meeting awarded the contract for the granite to another party; and these facts are relied upon by the plaintiff as evidence of the breach of his contract. In the meantime, however, the plaintiff had done nothing whatever towards carrying out the contract on his part, and, of course, the defendant had received no benefit.

The plaintiff does not claim that he made a contract directly with the corporation itself, acting by its directors, but he says he made it with the above named Charles B. Brown, acting for the defendant, on May 24. It is incumbent upon him, therefore, to show either that Brown had authority to make the contract, or was held out by the directors as having authority, or that the contract was assented to and ratified by the directors after it was made.

The plaintiff testified at the trial that Brown did, in fact, make the contract with him, claiming to act as agent of the defendant. He did not offer direct proof of the appointment of Brown as agent, with authority to make the contract; but he claims that the legitimate inferences which may be drawn from the conduct and words of the directors afford sufficient proof of the fact, to sustain the verdict; and if this be not so, then that there is sufficient proof, furnished by their conduct and words, that the directors assented to and ratified the contract. On the other hand, the defendant denies that Brown even assumed to make a contract for the corporation. It claims that he was not in fact its agent, and had no authority to make a contract for it; and further, that, if there is anything in the conduct and language of the directors to justify any inference favorable to either of the plaintiff's positions,—all of which the defendant denies,—it was only the conduct and language of a part of the directors acting individually and not as a board.

We do not find it necessary to discuss the evidence upon which the plaintiff relies to support his propositions of fact, further than

to say we are not very much impressed by his version. Not only is he contradicted in material matters by all the directors with whom he had any conversations, and by Brown and by the architect,—all of which is worthy of consideration, though not decisive,—but, aside from that, taking into account the circumstances as they existed at the time the plaintiff says the contract was made, it seems to us very improbable that Brown made such a contract as is alleged, or that he had authority, or that the directors ratified any such contract. Nor do the detached bits of conversation with individual directors, as testified to, appear to us to warrant the conclusions which the plaintiff has drawn from them. So much upon the assumption, that the directors, acting as the plaintiff says they acted, could bind the corporation.

The fatal difficulty with the plaintiff's case is, that he has failed to show that the directors in what they did acted as a board, or even that all of them acted at all. It is not claimed that Mr. Wilson, one of the directors, had any conversation with the plaintiff, and the case does not show that he took any part in any negotiations relative to the granite contract. The plaintiff must rely upon the words and acts of the other directors, with one or more of whom he had conversations at different times. And as to these directors, we think, it is clear that at these times they were acting individually, and not assuming to act as a board.

Now if Brown had authority, it must have been given him by the directors. It could have come from no other source. And the directors could give authority only by acting as a board. This is a fundamental rule. 2 Cook on Corporations, § 713 a; 3 Thompson on Corporations, p. 2834. In a meeting, the majority of those present decide, but it is still the decision of the board, as such. Directors may appoint agents. They may appoint one or more of their own number as agents. They might in this case have delegated to one, two or three directors the power to appoint Brown as agent for awarding the granite contract. It would have been competent for the board of directors as such to come to a mutual understanding with Mr. Wilson that the other three directors were to be the active agents of the board in appointing

sub-agents and awarding contracts. But the case does not show that the board had such an understanding. It follows, therefore, that whatever was said or done by the other directors was said or done by them individually and not as a board. But ·directors, individually, cannot bind or affect the rights of the corporation. It is not necessary that their votes should be formal ones, nor necessarily in formal meetings, nor that they should be proved by record. But whatever they do, the source of their authority must be found ultimately in the action of the board, as such. These principles are established by the following authorities: *Morrison* v. *Wilder Gas Co.*, 91 Maine, 492; *Elliot* v. *Abbot*, 12 N. H. 549; *Buttrick* v. *Nashua & Lowell R. R.*, 62 N. H. 413; *Building & Loan Asso.* v. *Childs*, 82 Wis. 460; *State* v. *People's Benefit Asso.*, 42 Ohio, 579; *Stoystown & Greenburg Turnpike Co.* v. *Craver*, 45 Pa. St. 386; *Baldwin* v. *Canfield*, 26 Minn. 43; *Schumm* v. *Seymour*, 24 N. J. Eq., 143; *First Nat. Bank* v. *Christopher*, 40 N. J. Law, 435; *Cammeyer* v. *United German Lutheran Churches*, 2 Sandf. Ch. 186; *In re Marseilles Extension Ry. Co.*, 7 Ch. App. 161; 2 Cook on Corporations, §§ 712, 713 a; 3 Thompson on Corporations, pp. 2834, 2866. Although we have no occasion now to pass upon the question, the general trend of authority seems to be to the effect that the acts of even all of the directors, acting separately, do not bind the corporation. So much, it is said, logically follows from the inherent nature and purpose of a board of directors. If this be so, much more should it be true that the acts of less than all of the directors, acting separately, should fail to affect the corporation. Applying the established rules of law, the case fails to show that Brown had any previous authority to make the contract.

Nor does the plaintiff stand on firmer ground in attempting to show acquiescence or ratification. The same rules of law must apply as in the case of an attempt to show previous authority. To be sure, acquiescence or ratification need not be shown by a vote. Either may be shown by circumstances or conduct. *Murray* v. *Nelson Lumber Co.*, 143 Mass. 250; but it must be the acquiescence or ratification of the board, and not merely of a part of the directors

acting individually.    As a director may acquire the power to bind the corporation by the habit of acting with the assent and acquiescence of the board, (4 Thompson on Corporations, p. 3657), so his unauthorized acts, or those of any agent, may be confirmed by the approbation and acquiescence of the board.    But in either case, it is the board that acts or acquiesces, and not the directors, as individuals.

In this case, the plaintiff did nothing.    He furnished no granite; he made no contracts with other parties for the granite; he did not even know where the granite was to come from.    There was nothing for the directors to assent to or acquiesce in, except the alleged contract itself.    And although the plaintiff claims .that he told some or all of the other directors that he had made a contract for the granite with Brown as agent for the corporation, it does not appear that Mr. Wilson knew that the plaintiff had a contract or that he claimed to have one.

The plaintiff places much stress upon the vote of the directors passed June 9, 1899, to which we have already referred.    He claims that this vote was directed to his granite contract, because no other contract, within the terms of the vote, had then been made.    If this be so, and if it be true that individual directors had previously held Brown out as having authority to make such a contract, or if the directors then understood that the plaintiff claimed that Brown had assumed authority to make it, then this vote of June 9, which is the first action of the directors as a board shown in the case, relating to the plaintiff's contract, did not acquiesce in it, did not assent to and ratify it, but did expressly repudiate it. The claim of ratification must fail.

*Motion sustained.*