## PRESUMPTION AS TO KNOWLEDGE OF DIRECTORS OF A CORPORATION.

Circuit Court of Cuyahoga County.

### THE P. C. O'BRIEN COMPANY v. THE WESTERN SEAMEN'S FRIEND SOCIETY.

Decided, February 13, 1912.

*Corporations—Officers Presumed to Know What—Ratification of Unauthorized Acts of Agents—Implied Powers of Corporations—Ultra Vires.*

1. For the purpose of protecting the rights of innocent third persons, the knowledge of the directors of a corporation of those things which, in the exercise of their official duties, they ought to know, will be presumed.

2. A corporation may ratify the unauthorized acts of its agents, and no formal resolution of the board of directors is necessary for that purpose, and if the unauthorized act of an agent of a corporation is clearly beneficial to the corporation, a presumption of ratification will arise from slight circumstances.

3. The Western Seamen's Friend Society, incorporated under special act in 1850, whose purpose is the disseminating of moral and religious instruction and other charities amongst sailors and boat-

men doing business on our western waters, and having power in furtherance of this purpose "to acquire, possess and enjoy, sell, convey and dispose of property, real and personal or mixed, whether acquired by purchase, gift, devise or legacy, also of all property of which the society is now the legal and rightful owner; provided the annual income thereof shall not exceed the sum of forty thousand dollars, having purchased hotel property particularly adapted to the accommodation of sailors, and operated it as such, purchasing groceries therefor, from which operation it received a profit, is liable for the groceries so purchased.

*M. P. Mooney*, for plaintiff in error.
*J. M. Shallenberger*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the same relation as in the court of common pleas. Upon the trial of the case, after all the evidence was in on both sides, the court, upon motion of the defendant, directed the jury to return a verdict for the defendant. For alleged error of the trial court in thus directing a verdict, the plaintiff in error seeks a reversal of the judgment against it.

The plaintiff's action in the court of common pleas was brought to recover the sum of $359.87 for groceries claimed to have been furnished the defendant, in its operation of the Kimball Hotel, formerly the Hotel Bethel, in the city of Cleveland.

While the delivery to the hotel of the groceries is not denied, it is claimed that the board of directors never authorized the operation of a hotel and the purchasing of the groceries.

The defendant in error purchased the land and building at the corner of Spring street and Superior avenue in the city of Cleveland on March 15, 1905, from the Cleveland Bethel Union. At that time the property was used by the Cleveland Bethel Union as a hotel, known at the Hotel Bethel, which was managed by one Fitzpatrick, on behalf of the owner. On March 15, 1905, at the time of the purchase of the property, Fitzpatrick was instructed by a Mr. McMahon, the general superintendent of the defendant in error, and a member of the board of directors, to continue in the management of the hotel as he had been

doing.   The hotel was managed by Fitzpatrick from that date to some time in September, 1908.  During that period of time he received a salary, and the surplus earnings of the hotel were turned over by him monthly to the secretary and treasurer of the Western Seamen's Friend Society, and were by that official deposited to the bank account of the society, and used by it for its purposes.   The groceries, for the price of which the plaintiff sued, were furnished to the hotel thus under Fitzpatrick's management, between the first of August and the first of September, 1908.   Previous to this and during the entire period from March 15, 1905, to August 1st, 1908, the plaintiff in error had furnished groceries to the hotel, which had been paid for by Fitzpatrick out of funds realized from the operation of the hotel.   These payments had been accounted for by Fitzpatrick to the secretary and treasurer of the Western Seamen's Friend Society, in statements rendered from time to time.

On this state of facts, and by reason of other facts not herein enumerated, there was evidence of authority, or of ratification, to be submitted to the jury, if the defendant in error could under any circumstances be held liable for a claim of the kind sued for, and incurred for the purpose, and in the manner, indicated.

It is a principle of law that for the purpose of protecting the rights of innocent third persons, the knowledge of the directors of a corporation of those things which, in the exercise of their official duties, they ought to know, will be presumed (*Arlington* v. *Price,* 122 Mass., 270; *Murray* v. *Nelson Lumber Co.,* 143 Mass., 250).  The law is clearly settled that a corporation may ratify the unauthorized acts of its agents, and no formal resolution of the board of directors is necessary for that purpose, and if the unauthorized act of an agent of a corporation is clearly beneficial to the corporation, a presumption of ratification will arise from slight circumstances.   *Washington Savings Bank* v. *Bank,* 107 Mo., 133.

But it is contended by the defendant in error, that it is a charitable corporation, and so limited by its charter rights that it had no authority to engage in the business of operating a

hotel, and that, even though it received and used the groceries it can not be required to pay for them.

The question presented by this contention requires a consideration of the precise corporate powers conferred upon the defendant in error by the act of its creation.

The Western Seamen's Friend Society was incorporated by a special act of the Legislature of Ohio, passed on the 23d of February, 1850. By this act the corporation was created "for the purpose of disseminating moral and religious instruction, and other charities amongst sailors and boatman doing business on our western waters."

The powers conferred upon it are expressed in the following language:

"And as such shall continue and have perpetual succession, with power to contract and be contracted with, prosecuting and defending suits, in all courts of law and equity, and to acquire, possess and enjoy, sell, convey and dispose of property, real and personal, or mixed, whether acquired by purchase, gift, devise or legacy, also of all property of which the society is now the legal and rightful owner; provided the annual income thereof shall not exceed the sum of forty thousand dollars.

"Sec. 2. The society shall have power to establish minor or lesser institutions, newspapers, magazines and such other auxiliaries in furtherance of its said object as may be deemed necessary, to have and use a common seal, and to change, alter or renew the same at pleasure, and to make, alter and amend such constitution and by-laws, rules and regulations for its government, the number and election of officers and admission of membership, as it may deem necessary and expedient."

If the Western Seamen's Friend Society has any authority to engage in the operation of a hotel, such authority must be founded on an implied power of the corporation, since the language above does not expressly empower it to engage in such an enterprise.

The doctrine of the implied powers of corporations has been liberally applied in Ohio, and has been invoked to sanction not only those acts of a corporation necessary and indispensible to the enjoyment of powers expressly given, but those that are appropriate, convenient and suitable for the accomplishment of

the purpose of its creation, and a reasonable choice is allowed in selecting the instrumentalities with which to accomplish such purpose.

The principles to be applied in determining whether a corporation is acting within its implied powers, are laid down in *The Central Ohio Natural Gas & Fuel Co.* v. *The Capital City Dairy Co.,* 60 O. S., 96, a part of the syllabus of which reads as follows:

"The implied powers which a corporation has in order to carry into effect those expressly granted, and accomplish the purposes of its creation, are not limited to such as are indispensible for these purposes, but comprise all that are necessary in the sense of appropriate, convenient and suitable, including the right of reasonable choice of means to be employed."

The same principles should be resorted to as are applied in ascertaining those of a corporation for profit in determining the implied powers of a charitable corporation. Reverting to the act whereby the Western Seamen's Friend Society was created, it will be seen that the express powers granted it are very broad. While its purpose is the "disseminating of moral and religious instruction, and other charities amongst sailors and boatmen doing business on our western waters," it is given power, in furtherance of this purpose, "to acquire, possess and enjoy, sell, convey and dispose of property, real and personal or mixed, whether acquired by purchase, gift, devise or legacy, also of all property of which the society is now the legal and rightful owner; provided the annual income thereof shall not exceed the sum of forty thousand dollars."

The purchase of the hotel property was clearly within the power of the defendant in error. Having by the exercise of authority expressly given it, acquired property, long used as a hotel, and therefore suitable for that purpose, and perhaps suitable for no other purpose, when it undertook to devote that property to a use, from which it might reasonably expect to receive a profit for use in its charities, while at the same time it was maintaining an establishment, to which men of the class whose condition it was the purpose of the corporation to im-

prove, might resort for board and lodging, was it acting outside of its implied power?

In the light of all the circumstances, considering the purpose of the corporation, and the character of the property, and the use to which it had previously been put, we are of opinion that the question propounded must be answered in the negative. The proviso in the act of incorporation, that the annual income of the property of the corporation should not exceed forty thousand dollars, implies the right to devote its property to some income producing purpose. The Legislature, by the act of incorporation, also gave the corporation power to establish "newspapers, magazines and such other auxiliaries, in further-ance of its said object as may be deemed necessary." It would seem that by virtue of this power to establish "other auxiliar ies," the operation of a hotel on its own property previously devoted to such purpose and fitted for its continuance, where sailors and boatmen doing business on our western waters might seek accommodations, would not do violence to the principle that a corporation has the right of reasonable choice of appro-priate, convenient and suitable means of exercising and enjoying the powers expressly granted it.

But few cases involving the implied powers of charitable cor-porations, or corporations of a kindred nature, seem to have arisen, doubtless because the number of such is small compared to corporations for profit, but in *Dunn* v. *Agricultural Society,* 46 O. S., 93, it was held that the power granted to those com-posing an agricultural society to "perform all such acts as they deem best calculated to promote the agricultural and household manufacturing interests," conferred ample authority to hold fairs and charge for admission to them, and in *Moss et al* v. *Hufeth Academy,* 54 Tenn., 283, an educational corporation was held to have the power to borrow money for use in effecting the corporate purpose, the court saying, "the power might be fairly implied as a usual and appropriate means to accomplish the ob-jects of the charter."

We do not intend to decide that under other circumstances a charitable corporation, such as the defendant in error, would

have the right to embark in the hotel business. We recognize the limitations placed upon the activities of corporations of this kind, and the views here expressed are based entirely upon the special facts before us in the evidence. We consider a further quotation from the syllabus of the case of *The Central Ohio Natural Gas & Fuel Co.* v. *The Capital City Diary Co., supra,* applicable to the situation before us:

"Acts of a corporation, which if standing alone or engaged in as a business, would be beyond its implied powers, are not necessarily *ultra vires* when they are incidental to, or form part of, an entire transaction, that in its general scope is within the corporate purpose. The validity of such a transaction is to be determined from its general character considered as a whole, rather than by segregation into individual facts, and each regarded as distinct from the others."

If the transactions by which the groceries were furnished by the plaintiff in error to the defendant in error were to be held to be outside the implied powers of the defendant in error, there is another ground on which the defense urged should not be sustained. The contract sued on is an executed one. The groceries have been furnished to the defendant in error and used by it. In all the transactions arising out of the operation of the hotel considered as a whole, up to the time the groceries in question were furnished, the defendant in error has received a profit, $2,800 having been turned over to the society under the management of Fitzpatrick. It is claimed on behalf of the defendant in error that certain fixed charges such as interest, taxes and water rent would wipe out this supposed profit, but these charges would have to be paid no matter how the property was used, and at any rate, there was evidence tending to show a profit arising out of the conduct of the hotel during the period from March 15, 1905, to September 1, 1908.

The defendant in error is, therefore, in the position of having profited by the enterprise, which it is now claimed was in excess of its corporate powers. It has received the fruits of the contract between it and the plaintiff in error, but refuses to pay therefor.

The principle which we conceive should be applied in such a case as this is stated in *Larwell* v. *Hanover Savings Fund Society,* 40 O. S., 274. We quote from the opinion, page 285:

"The tendency of the courts, based upon the strongest principles of justice, is to enforce contracts against corporations, although in entering into them they may have transcended their chartered power, when they have received the consideration and the benefit of the contract, and it seems to be now the well established rule, that when a contract, not illegal, has been executed and fully performed on the part, either of the corporation or of the other contracting party, neither will be heard to object that the contract and such performance were not within the legitimate powers of the corporation."

See also *Herrick* v. *Wardwell,* 58 O. S., 308; *Norwalk, etc., Bank* v. *Norwalk, etc., Co.,* 14 C. C., 1 (affirmed 60 O. S., 603); *Bates* v. *Peoples, etc., Association,* 42 O. S., 655; *Hayes et al* v. *Galion, etc., Co.,* 29 O. S., 340; *Armstrong* v. *Karshner,* 47 O. S., 276; *Whitney Arms Co.* v. *Barlow,* 63 N. Y., 62; *Chester Glass Co.* v. *Dewey,* 16 Mass., 94.

We think that the defendant in error, even though a charitable corporation, having received and consumed the goods of the plaintiff in error, under the circumstances and with the result detailed, should be estopped from asserting that its contract under which they were furnished was *ultra vires.*

We are of opinion, for the reasons announced, that the motion to direct a verdict should not have been granted, and the judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law.