JOHN S. GREGORY, PLAINTIFF IN ERROR, V. WALTER J. LAMB ET AL., DEFENDANTS IN ERROR.

Corporation: AUTHORITY OF OFFICERS TO BIND. A stockholder in a corporation surrendered his stock to the corporation secretary and procured from him a "due bill" or promise to pay a certain sum in printing, etc. There is no proof that the secretary had any authority to execute or deliver the writing. *Held*, That neither the corporation nor the other stockholders were liable to such stockholder in an action on such instrument.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*John S. Gregory*, pro se.

*J. R. Webster* and *W. J. Lamb*, for defendants in error.

REESE, J.

This action was commenced in the district court of Lancaster county, by the plaintiff in error against the defendants in error, upon a written instrument, of which the following is a copy:

"LINCOLN, Dec. 29, 1874.

" For and in consideration of the sum of three hundred dollars, in hand paid by McMurtry and Gregory to the Farmers' and News Company, of Lincoln, Nebraska, we agree to pay them the sum of three hundred dollars, in advertisements, at regular cash rates, and in cards, circulars, and printing generally, as said McMurtry & Gregory shall demand the same. All job work to be such as shall be required for the use of said firm of McMurtry & Gregory, or either of them.

"B. D. SLAUGHTER, *Sec.*"

The plaintiff below alleges in his petition that the defendants did, in the year 1874, associate themselves together in business under the name and style of the Nebraska Farmers' and Temperance News Company of Lincoln, Nebraska, and by failing to comply with the laws of the state relative to corporations, became personally and individually liable to pay the debts of said company; that the said defendants, by the secretary of said company and pretended corporation, for value received, executed and delivered to McMurtry & Gregory the instrument upon which this action is founded, and that the secretary, "under the terms of said association, had authority to bind the said association, firm, and company. * * * * * And had authority to sign and execute the said due bill." That the said defendants were stockholders in said company. Judgment is asked against all the defendants.

The defendants in error filed separate answers, in which they each presented a number of defenses. We deem it necessary to notice but one of these, as we think it is decisive of the case. In this defense it is substantially alleged that at the time of the execution of the instrument declared upon, the plaintiff was one of the members of the firm of McMurtry & Gregory, and that said firm were stockholders in said corporation; that the secretary of said corporation, at the request of said McMurtry & Gregory, with-

out any authority for so doing, allowed the said McMurtry & Gregory to surrender to him their shares of stock, and in consideration of such surrender executed to him the instrument described in the plaintiff's petition. This allegation is denied by the plaintiff in error.

A trial was had to the court, who found in favor of the plaintiff and against Slaughter, but in favor of the other defendants, and as to them dismissed the action. From the latter finding and judgment the plaintiff in error prosecutes the case for review.

From the evidence introduced there can be no doubt but that the allegations of the answers were true. The testimony shows that the shares of stock were purchased from the president of the corporation; that at the next meeting of the stockholders the president and the plaintiff were present; that the president announced the transfer of his stock and resigned his office. At the same meeting the plaintiff was elected one of the directors. This meeting was held on the 22d day of December, 1874, about one week prior to the execution of the " due bill."

The object or purpose of the association, as stated in the "Articles of Incorporation," was to be the "publishing and printing business." Article six provides that, "The business and affairs of this incorporation shall be conducted by a board of not less than five nor more than nine directors, one president, one secretary, and one treasurer."

The articles of incorporation nowhere confer upon the secretary any authority to execute such evidences of debt as the one upon which this action is brought; neither can we find any proof of authority conferred upon him to receive a surrender of the stock held by the stockholders and issue to them any evidence of debt against the corporation for the remaining stockholders to pay. The plaintiff being one of the stockholders (and a director if he accepted said office) was charged with full notice of this want of authority on the part of the secretary. There is no

evidence that this act of the secretary was ever in any way ratified by the corporation or any of the defendants. It may be claimed that the secretary had authority to make contracts for the corporation in the general course of its business (although this is not shown), yet it can hardly be claimed that it was in the general course of business of either the corporation or its officers to receive the surrender of its shares of stock and thereby destroy it.

As we have seen, the articles of incorporation provide that the business and affairs of the company shall be conducted by the board of directors, the president, secretary, and treasurer. The "due bill" does not purport on its face to have been made by the authority of any one but the secretary, and it is not proven that any such authority existed.

There being no error in the judgment of the district court the same is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.