## LINUS M. CHILD *vs.* CHRISTIAN SOCIETY.

Suffolk.    March 17. — May 9, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

Under a by-law of a religious society, which, after specifying certain particular powers and duties of its standing committee, provides, "and generally to manage the business of the society, expending only such sums of money as the society shall place at their disposal," the committee have no authority to employ counsel on the credit of the society, in a suit in equity brought against the society.

CONTRACT, by an attorney at law, for professional services. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows :

The charges made for the plaintiff's services are reasonable, and the services were, in fact, rendered at the request of E. L. Goodwin, Frederick Knapp, J. A. Hayford, and others, then the standing committee under the by-laws of the defendant society, in the suit of *Gray* v. *Christian Society*, 137 Mass. 329, which was a bill in equity brought by one Gray and others, members of the defendant society, some of whom were excluded from its meetings, as hereinafter stated, to restrain said Goodwin, his associates and confederates, and said society, its officers and agents, from selling the church of the defendant society, in accordance with certain votes purporting to be passed at a special meeting of said society, held on October 12, 1881, and by adjournment on October 28, 1881 ; and the plaintiff's services were rendered in defending said suit in equity, and in conferences with said members of the standing committee in regard to the preparation and defence of the same.

The meeting of said society, held on November 15, 1881, hereinafter referred to, was an adjournment of said meetings held on October 12 and 28.

At the meeting held on October 12, 1881, six persons mentioned in said reported case were illegally admitted into said society as members thereof, and were illegally permitted to vote at said meeting, and at said subsequent meetings of October 28 and November 15, and voted at all said meetings, in conjunction with said Goodwin and others, in favor of all the votes which were passed, and against all votes which were defeated, at said meetings.

At all of said meetings, including the meeting of November 15, said Goodwin, Knapp, and Hayford, and others, and said six new illegally admitted members, illegally excluded from voting a sufficient number of legal members of said society, who were entitled to vote at said meetings upon all matters properly brought before them, to have changed the result of any vote passed at all of said meetings, including the vote passed November 15, which was as follows :

"*Voted*, that the standing committee be, and they are hereby, authorized to examine into, and take such action, by legal advice or otherwise, in relation to the suit and injunction now pending against this society and Edward L. Goodwin, its clerk,

as the committee may deem for the best interests of the society; and the expense in relation thereto, for counsel or otherwise, shall be paid from any funds in the hands of the treasurer, whenever the same may be due and payable."

And it is further admitted, if competent, that the persons so excluded, if they had been permitted to vote, would have changed the result, and defeated all votes passed at said meetings, including said vote of November 15.

The by-laws of the defendant society passed May 5, 1880, were a substitute for those passed September 16, 1853, and were the only ones in force at the date of the employment of the plaintiff.

The plaintiff does not rely on any other vote or by-law of the defendant society except the by-laws of 1880, article 5, the material part of which was as follows : " A standing committee of assessors, consisting of eleven, (six of whom shall be members of the church in good standing,) who shall have special charge of the house of worship, and other property of the society, lease, let pews, make repairs, add fixtures, such as from time to time be needed, provide for warming and lighting, take charge of the music, appoint a sexton and fix his salary and duties, and generally to manage the business of the society, expending only such sums of money as the society shall place at their disposal, and report to the society at its annual meeting, and at any other meeting if the society so request; " and the vote passed at the meeting of November 15, 1881.

If, upon these facts, the action could be maintained, the plaintiff was to have judgment for the amount claimed in the declaration, with interest from the date of the writ, and costs ; otherwise, judgment to be entered for the defendant.

*M. Coggan,* for the plaintiff.

*W. E. L. Dillaway & H. E. Bolles,* for the defendant.

W. ALLEN, J. The plaintiff admits that the vote of the defendant society of November 15, 1881, authorizing its standing committee to employ counsel, and under which the committee employed him, was void, and gave no authority to the committee ; and that the committee had no authority except what was given to them by the by-law of the society. The by-law, after specifying certain particular powers and duties of

the committee, none of which affect this case, proceeds, "and generally to manage the business of the society, expending only such sums of money as the society shall place at their disposal." Whatever authority the committee might have had by implication from their general powers or from their charge generally to manage the business of the society, to employ counsel on the credit of the society is expressly excluded by the last clause. The prohibition against spending any sums of money except such as the society shall place at their disposal is also a prohibition against incurring debts without the action of the society. It is not contended that the society has consented to the services. Although rendered nominally for it, they were without its authority, and adversely to it.          *Judgment affirmed.*