## C. A. DODGE COMPANY *vs.* THE WESTERN AVENUE TABERNACLE BAPTIST CHURCH.

Middlesex. December 3, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes. *Corporation,* Officers and agents. *Agency,* Existence of relation. *Practice, Civil,* Findings by trial judge.

Where, under by-laws of a religious corporation, a board of trustees was given authority to care for and manage the property of the corporation and to make needed repairs upon it, the pastor of the church, who was chairman of the board of trustees, had no right nor authority to make a contract for repairs of the church property, rendered necessary by a fire, without the assent of at least a majority of the members of the board, although the trustees never had met nor performed any official acts and the pastor always had performed the duties of the board.

At a meeting of the religious corporation above described following the fire, it was voted to renovate the church property. Shortly thereafter the pastor stated to a contractor that he had full authority to act as agent for the church, engaged the contractor to prepare plans, and employed him to repair the building, stating that his charges would be paid from the proceeds of certain fire insurance. The contractor went forward relying upon such representations. The proceeds from the insurance were used for another purpose. At the hearing by a judge without a jury of an action by the contractor against the corporation, it appeared that the board of trustees knew of the contract, that the progress of the work and the employment of the plaintiff were announced several times from the pulpit, and that contributions were extensively procured to help pay the expenses of the repairs. The judge found for the defendant. *Held,* that it was a necessary inference from the finding for the defendant not only that the contract had been entered into by the pastor without authority from the corporation, but also that it had not been ratified, and such findings were warranted.

Where an action at law is heard by a judge without a jury, who finds for the defendant and reports the action to this court for determination, such finding must stand unless this court can say as a matter of law that the trial judge was bound to find for the plaintiff.

CONTRACT for $2,260.72 " for labor and material furnished for the defendant, at the plaintiff's [*sic*] request " according to an account annexed. Writ dated November 9, 1921.

The account annexed was entitled " Rev. Thomas S. Harten To C. A. Dodge Co., Dr."

In the Superior Court, the action was heard by *Raymond*, J., without a jury. He found for the defendant and reported the action to this court for determination with the stipulation that, if on the facts found by him the finding for the defendant was warranted, final judgment was to be entered for the defendant and, if the finding for the defendant was not warranted, final judgment was to be entered for the plaintiff for the full amount claimed.

*H. C. Dunbar*, for the plaintiff.

*M. W. Bullock*, for the defendant.

CROSBY, J. This is an action of contract brought against the defendant, a religious corporation organized under the laws of this Commonwealth, to recover for labor and materials furnished by the plaintiff in the repair of a building after it had been damaged by fire, which was owned by the defendant and used for religious worship. The case was tried before a judge of the Superior Court without a jury, who found for the defendant and reported the case to this court.

The record shows that Thomas S. Harten was the pastor of the church, and chairman of the board of trustees, before and during the time the labor and materials in question were furnished; that shortly after the fire he called a meeting of the members of the church to consider what should be done respecting the repair of the building so that it could be used as a place of worship; that the meeting was attended by a greater number than was required by the by-laws for the transaction of business; that " At this meeting the church voted to renovate the . . . property and to put it in condition for use by the church as a place of worship;" that shortly after this meeting Harten stated to the plaintiff's representative that he was acting as agent for the church, engaged the plaintiff to prepare plans and specifications, and employed it to repair the building; that Harten told the plaintiff that the church would pay for the repairs out of money to be received from various fire insurance companies; that this money, however, was applied on mortgages on the property, and no part of it was paid to the plaintiff; that the plaintiff's representative talked only with

Harten with reference to the repairs and took no steps to ascertain his authority to bind the church; that Harten stated he had full authority from the church and the plaintiff relied on that statement; that Harten asked the plaintiff to send all bills to him, and that the account on the plaintiff's books was charged and sent to him.

Acting under this employment, the plaintiff furnished the labor and materials set forth in its declaration, and it is agreed that the items charged were furnished, that the prices were reasonable, and that the plaintiff has in all respects performed its contract.

Section 5 of the by-laws of the defendant provide as follows: " The trustees shall have the general management and care of the property of the church other than money. They shall have authority to buy, sell and lease the real estate when authorized by the members of the church at a regular or special meeting."

From the time of the incorporation of the defendant until the foreclosure of the mortgage on the property, after the repairs were completed by the plaintiff, the trustees never met nor performed any official act; there was no evidence that any member of the board ever requested that such a meeting be held, and during all this time Harten as chairman performed the duties of the board.

It is plain that under the by-law above quoted the trustees were vested with authority to care for and manage the property of the corporation and to make needed repairs upon it, and that the pastor of the church, although he was chairman of the board of trustees, had no right to make a contract on behalf of the corporation with the plaintiff without the assent of at least a majority of the members of the board. *Packard* v. *Universalist Society in Quincy*, 10 Met. 427. *Child* v. *Christian Society*, 144 Mass. 473. *Slattery* v. *North End Savings Bank*, 175 Mass. 380. *Bishop* v. *Burke*, 207 Mass. 133. *Peoples National Bank* v. *New England Home*, 209 Mass. 48.

" When the alleged principal is a corporation, a ratification may be shown by proving that the officers who had the power to authorize the act knew of it, and adopted it as

a valid act of the corporation, although no formal vote is passed by them." *Murray* v. *Nelson Lumber Co.* 143 Mass. 250, 251.

The plaintiff contends that, even if the defendant was not originally bound by the contract, it has recognized and ratified it, or has become estopped to deny its validity. The following and other findings are recited in the report: That the trustees and the members of the church knew of the contract; that at a meeting of the members duly called it was voted to put the building in condition for use by the church, and during the progress of the work the pastor on two or three occasions announced from the pulpit that he had employed the plaintiff company to renovate the property, these announcements being made on Sunday mornings and in the hearing of the entire congregation of from seventy-five to one hundred people; that fifty or more members of the church solicited contributions from persons who were not members, to help pay the expense of the repairs, and that contractors employed by Harten to install electric wiring in the building, were paid the balance due them after the completion of their work by check of the defendant signed by its treasurer.

It is a necessary inference from the finding for the defendant not only that the contract had been entered into by Harten without authority from the defendant, but that it had not been ratified.

Where an action is heard by a judge without a jury, his finding for the defendant must stand unless we can say as matter of law that the trial judge was bound to find for the plaintiff. *Andrews* v. *Board of Registrars of Easton,* 246 Mass. 572, and cases cited.

In accordance with the report judgment is to be entered for the defendant.

*Ordered accordingly.*