NAPOLEON J. VIGEANT *vs.* JEANNE D'ARC CREDIT UNION.

Middlesex. February 5, 1930. — May 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes, Validity. *Corporation,* Evidence of corporate action, Ultra vires. Evidence, Competency, Of corporate action. *Attorney at Law.*

Although there were no formal votes by a corporation authorizing the employment of an attorney for it and the institution by him of legal proceedings in its behalf, a finding, that he so was employed and authorized to act by it, was warranted by evidence of certain conversations with its officers and of knowledge of and acquiescence by it in his acts.

A corporation purchased land for a price greater than $15,000 and took title in the name of its treasurer for its benefit. The purchase was *ultra vires* at the time. Subsequently it was authorized by statute to expend not more than $15,000 in the purchase of land for its corporate purposes. Thereafter, such parts of the land as were not needed for its purposes were sold by the treasurer, the purchasers making certain agreements with him. The corporation employed an attorney to institute legal proceedings in the treasurer's name to enforce those agreements. No action was taken by the Commonwealth. The attorney had full knowledge of all the circumstances. In an action by him against the corporation for his services and expenses in such proceedings, it was *held,* that

(1) The Commonwealth was the only one entitled to question the legality of the corporation's ownership of the land; and, in the absence of action by the Commonwealth, the corporation, as the real

owner of the land, could institute the proceedings to enforce the agreements;

(2) The fact that the proceedings were not in the name of the corporation, their success or failure, and the attorney's knowledge of the circumstances were immaterial;

(3) The attorney did not participate in any illegality which barred him from maintaining his action;

(4) *Ultra vires* was not a defence to the action by the attorney;

(5) A finding in the attorney's favor was warranted.

CONTRACT. Writ dated September 25, 1928.

The action was heard in the Superior Court by *Greenhalge,* J., without a jury. Material evidence is stated in the opinion. The judge denied a motion by the defendant for a finding in its favor; and denied requests for rulings in substance that the employment of the plaintiff was *ultra vires* the defendant and that the plaintiff was not employed by anyone having authority to act for the defendant. There was a finding for the plaintiff in the sum of $972.89. The defendant alleged exceptions.

*H. V. Charbonneau,* (*J. H. Guillet* with him,) for the defendant.

*A. S. Howard,* for the plaintiff.

WAIT, J. The plaintiff brought his action to recover for services rendered and expenses incurred in suits brought by him for the benefit of the credit union. The judge in the Superior Court, who tried the case without a jury, found for the plaintiff. The defendant contends that there was error in disregarding its defence of *ultra vires.* It appeared that certain real estate in Lowell had been purchased in the name of Paul Vigeant, then the treasurer of the credit union, with the money of the union, with the intention of using part as a place of business for the union and disposing of the rest for the benefit of the union. All parties conceded that the union then had no power to purchase or deal in real estate and that the original transaction was *ultra vires.* Later, by statute, power was granted the union to invest not more than $15,000 in the purchase of a suitable site and the erection or preparation of a suitable building for the convenient transaction of its business. The purchase had involved more than $15,000. In disposing of the

portions not intended to be retained certain agreements were entered into between Paul Vigeant and the purchasers. The litigation in which the plaintiff rendered the service and incurred the expense sought to be recovered arose out of these agreements. The plaintiff was fully informed in regard to the circumstances. No formal votes authorizing his employment and the institution of legal proceedings by him were shown in evidence, but there was evidence of conversations with officers of the credit union and of knowledge and acquiescence by it from which the judge was justified in finding that he was employed and was authorized to act as he did. A corporation may be bound by evidence other than formal record. *Knight* v. *Whitmore Manuf. Co.* 248 Mass. 531.

There can be no doubt that the credit union was the owner of the real estate purchased, although the title stood in the name of Paul Vigeant. The only person entitled to question the legality of its ownership was the Commonwealth. *Hubbard* y. *Worcester Art Museum,* 194 Mass. 280. *Chase* v. *Dickey,* 212 Mass. 555, 559, 560. *Nantasket Beach Steamboat Co.* v. *Shea,* 182 Mass. 147. It has not acted to disaffirm the ownership. In *Nantasket Beach Steamboat Co.* v. *Shea, supra,* this court held that a corporation, which by *ultra vires* action had become owner of a hotel property, could maintain actions to enforce guaranties of rent agreed to be paid for use of the hotel. We see no sound distinction between suing for rent, and bringing suit to enforce other obligations arising out of the ownership of property acquired *ultra vires*. Nor does the fact that the proceedings were not in the name of the credit union furnish a sound distinction. It desired and caused them to be instituted. Whether they were successful or not is immaterial. The plaintiff's knowledge of the original illegality was immaterial. There was no moral wrong; and there was no illegality or want of power in the action in which he participated. His hands are clean. Such *ultra vires* action as appeared did not constitute a defence here. There was no error.

*Exceptions overruled.*