Bolster, C. J.
These two actions are upon guaranties of debts of the Norwood Provision Company, a corporation. The writ in each case described the plaintiff as Swift and Company, a corporation with a usual place of business in Boston, “doing business under the firm name and style of New England Dressed Meat & Wool Co.”
The cases were submitted on an agreed statement of facts, which concludes with a stipulation that if either of two questions stated was answered in the negative, there should be judgment for the defendant. This was irregular, for the power and duty of the court to make decision on a given set of facts is not to be circumscribed by the terms in which counsel choose to state what they deem to be the legal questions involved. However, the finding for the plaintiff shows the judge disagreed with the defendants on both questions, and the defendants duly saved such rights to review as they thought they had by requests for rulings. The judge has not reported the case, under Stat. 1931, Ch. 325, but only his action on the defendants’ requests;
*402 It appears that Swift & Company, a foreign corporation, complied with the requirements of Gen. Laws, (Ter. Ed.) Ch. 181, sec. 5, by filing the certificate therein required, one of the requirements of which is a statement of the corporate name. That section provides that a failure to comply shall not affect the validity of contracts with such corporation, but that no action should be maintained by it during such failure. The agreed facts state only that Swift & Company was “registered” in-this Commonwealth, but counsel are apparently agréed that the foregoing is what is meant by that word. The plaintiff also filed in Somerville, before the transaction between the parties, a statement designed to comply with Gen. Laws, Ch. 110, sec. 5. That statement is not before us as an exhibit. In stating that Swift & Company were to do business in the firm name New England Dressed Meat & Wool Company, it probably did not state the truth. 1 Lindley, Partnership, 78.
The obligation in the first case ran in terms to the New England Dressed Meat & Wool. Co., and in the second to Swift & Co.
The argument of the defendants now is that because the foreign corporation filed in the clerk’s office in Somerville a statement that it proposed to do business in a name other than its true corporate name, its action should be barred because it was circumventing the provisions of Gen. Laws, Ch. 156, sec. 42, providing for a return and a filing-fee upon a change of its corporate name. But by section 2 of that chapter, that provision applies to domestic corporations.
It is clear from the case of Huey v. Passarelli, 267 Mass. 578 that had the plaintiff filed no statement at all in Somerville, that fact would not defeat the actions.
It is equally plain from the cases of Friedenwald Co. v. Warren, 195 Mass. 432, and National Fertilizer Co. v. Fall *403 River &c. Bank, 196 Mass. 458, cf. Plibrico &c. Co. v. Waltham Bleachery &c., 274 Mass. 281, that the facts now relied on by the defendants, assuming them to have legal merit, constitute matter in abatement not in bar of the actions. No plea in abatement on that ground was filed. On the merits, there appears to be no defense. While it is true, as the defendants argue, that the various statutes involved are passed for the protection of our citizens, as a matter of public policy, courts have not been prone to use them as a device to enable our citizens to get something for nothing. The giving of an action on all ultra vires contract is an example, cf. Nantasket Beach Steamboat Co. v. Shea, 182 Mass. 147, Vigeant v. Jeanne D’Arc. Credit Union, 271 Mass. 479.
Reports dismissed.