JOSEPH G. KELLY *vs.* CITIZENS FINANCE COMPANY OF LOWELL, INC.

Middlesex.   March 5, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Agency,* Scope of authority, Ratification. *Corporation,* Officers and agents. *Practice, Civil,* Verdict; Exceptions: whether error harmful. *Error,* Whether harmful.

One who was president, treasurer and one of two directors of a corporation had no authority merely by virtue of his offices to agree in its behalf to pay an attorney at law a specified amount to defend a receivership suit against it.

A finding that an express contract, purported to have been made by an officer of a corporation in its behalf to pay an attorney at law a specified sum for handling certain litigation, was ratified would not be warranted by the fact that the corporation knew he was working on the case and expected to be paid, nor by its protesting the amount of his bill for the case, nor by a letter discharging him as its attorney.

A single verdict for the plaintiff could not stand where this court could not ascertain from the record whether it was rendered erroneously under incorrect instructions on a count alleging an express contract by the defendant to pay a sum equivalent to the amount of the verdict, or was rendered properly on a count on an account annexed for the same amount; and a new trial was ordered.

CONTRACT. Writ in the District Court of Lowell dated February 9, 1939.

Upon removal to the Superior Court, the action was tried before *Beaudreau,* J. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*H. L. McLaughlin,* for the defendant.

*A. W. Wunderly,* for the plaintiff.

QUA, J. An attorney at law brings this action to recover for legal services rendered in defending a suit in equity wherein one Donovan, a stockholder of the. defendant, sought the appointment of a receiver for the defendant and a "dissolution" of the corporation.

The first count of the declaration alleges a special contract by which the defendant was to pay the plaintiff $2,000 for defending the suit. The second count was on an account annexed containing a single item of $2,000 for legal services between certain dates.

The defendant's motion for a directed verdict in its favor on the first count should have been allowed. The evidence bearing upon the alleged special contract tended to show that one Comerford, who was the president (and according to the plaintiff's testimony, the treasurer), and who was also one of the two living directors of the defendant, orally employed the plaintiff, and was then informed by the plaintiff that his charge would be $2,000 for "handling" the case in the Superior Court "in all its phases." The plaintiff contended that he had fully and successfully rendered all of the agreed service. There was no evidence of any authority having been delegated by the defendant to Comerford to enter into the alleged special contract in the defendant's behalf, other than such inferences as might be drawn from the names of the offices which he held. There was no evidence that he exercised powers of general management over the corporation or that he habitually attended to such matters as the defence of law suits.

The authority to manage the business affairs of a corporation is primarily vested in its board of directors. Its president and treasurer, merely as the holders of those offices, have little or no inherent power to bind the corporation outside of a comparatively narrow circle of functions specially pertaining to their offices. *Mahone* v. *Manchester & Lawrence Railroad*, 111 Mass. 72, 75. *Merchants' National Bank of Gardiner* v. *Citizens' Gas Light Co. of Quincy*, 159 Mass. 505. *Craig Silver Co.* v. *Smith*, 163 Mass. 262, 268, 269. *Sears* v. *Corr Manuf. Co.* 242 Mass. 395. *Cashin* v. *Corporation Finance Co.* 251 Mass. 60. *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143, 147, 148. *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 58, 59. *Massachusetts Hospital Life Ins. Co.* v. *Nesson*, 286 Mass. 216. See *Stoneman* v. *Fox Film Corp.* 295 Mass. 419, 424, 425.

In the cases in this Commonwealth in which a president

or a treasurer has been held to have general authority to make contracts it will be found that such authority has been delegated to him either expressly, by means of some by-law or vote of the directors relative to the matter in question or granting to the officer the powers of a general manager, or impliedly by reason of his continued exercise of similar powers in such a manner that knowledge and approval of the directors or of a majority of them can reasonably be inferred. See for example *Trustees of Smith Charities* v. *Connolly*, 157 Mass. 272, 275, 276; *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30; *Knight* v. *Whitmore Manuf. Co.* 248 Mass. 531, 535; *Forgeron* v. *Corey Hill Garage, Inc.* 249 Mass. 163; *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480, 485; *Washington & Devonshire Realty Co. Inc.* v. *Freedman*, 263 Mass. 554, 559; *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32; *Ryan* v. *Charles E. Reed & Co.* 266 Mass. 293; *DeBlois* v. *Boylston & Tremont Corp.* 281 Mass. 498, 519, 520; *Lydia E. Pinkham Medicine Co.* v. *Gove*, 298 Mass. 53, 63; *S. C.* 303 Mass. 1; 305 Mass. 213; *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 41.

In the present case these requirements are not met. The contract of employment here alleged related to a law suit of an unusual nature vitally affecting the possibility of continuing the corporation's business. The defence of such a suit does not fall within the familiar duties of a president or a treasurer. *Pacific Bank* v. *Stone*, 121 Cal. 202. *Ney* v. *Eastern Iowa Telephone Co.* 162 Iowa, 525, 530. Comerford as one of two directors had no power to act alone. There is no evidence that his codirector was consulted or that he ever knew of the alleged $2,000 contract.

There was no evidence of ratification. Very likely an inference could be drawn from the work done by the plaintiff in the corporation's behalf over a considerable period of time and the communications between the plaintiff and "the defendant" in connection with it that the defendant knew that the plaintiff was performing work for which he expected to be paid, but we find nothing which can fairly support a finding that the corporation as distinguished from

Comerford knew of and ratified an express contract to pay the plaintiff $2,000. *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250, 251. *Bishop* v. *Burke,* 207 Mass. 133, 140. *C. A. Dodge Co.* v. *Western Avenue Tabernacle Baptist Church,* 247 Mass. 330, 332. *Cashin* v. *Corporation Finance Co.* 251 Mass. 60, 63. *Alden Bros. Co.* v. *Dunn,* 264 Mass. 355, 361. Neither the notation on a returned bill "Don't owe; agreement was $300 to $400 for Donovan matter," followed by Comerford's initials, nor a letter discharging the plaintiff as the defendant's attorney can fairly be stretched into evidence of a ratification of an agreement to pay the plaintiff $2,000 or into evidence of original authority in Comerford to make such an agreement. See *James F. Monaghan Inc.* v. *M. Lowenstein & Sons Inc.* 290 Mass. 331.

The plaintiff contends that there was evidence upon which a verdict for $2,000 could properly have been returned under the second count on an account annexed, and that the verdict must now be ascribed to that count, even if a verdict could not stand upon the special contract declared upon in the first count. He cites *Gifford* v. *Eastman,* 251 Mass. 520, 524, 525. It may well be that there was evidence for the jury under the second count. We need not narrate it here. It is true that where a single verdict is returned upon correct instructions it will be referred to that count in the declaration under which it could properly have been rendered. *Baker* v. *Sanderson,* 3 Pick. 348, 353. *Lamb* v. *Stone,* 11 Pick. 526, 530. *West* v. *Platt,* 127 Mass. 367, 370. *Pelton* v. *Nichols,* 180 Mass. 245. But this principle does not extend so far as to support a verdict that may have been rendered erroneously under incorrect instructions as to one of the counts merely because the same verdict might have been rendered rightly under another count. *Hagar* v. *Norton,* 188 Mass. 47. *F. W. Stock & Sons* v. *Snell,* 213 Mass. 449, 453. *Keown & McEvoy, Inc.* v. *Verlin,* 253 Mass. 374, 378. *Farr* v. *Whitney,* 260 Mass. 103, 197. In this instance we cannot know that the verdict was not based upon the erroneous theory that Comerford had authority to bind the corporation to the special contract.

It is unnecessary to deal with various exceptions not hereinbefore discussed, as the same questions are not likely to arise in the same form at another trial.

*Exceptions sustained.*