JOHN S. HURLEY, trustee in bankruptcy, *vs.* ALFRED ORNSTEEN.

Suffolk. November 7, 1941. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Corporation*, Officers and agents. *Agency*, Scope of authority. *Accord and Satisfaction.*

An accord and satisfaction of a claim of a corporation whose property and business were under the control of its board of directors of three members, purportedly made in the corporation's behalf by one who was its president and treasurer and a director and another who was its clerk and a director, without a meeting of the board of directors and without knowledge of or ratification by the third member of the board, was not binding upon the corporation.

Ostensible authority of an officer of a stockbrokerage corporation to deal with a customer respecting the purchase and sale of securities and the furnishing of collateral did not include authority to make an accord and satisfaction of a balance due it on the customer's account.

CONTRACT. Writ in the Superior Court dated November 16, 1936.

The action was heard by *Buttrick*, J., without a jury.

*W. M. Espovich*, (*D. E. Nicholson* with him,) for the defendant.

*I. M. Davis*, for the plaintiff.

DOLAN, J. This is an action of contract, brought by the trustee in bankruptcy of Feldman & Company, Inc., to recover a balance alleged to be due from the defendant on account of various transactions concerning the purchase and sale of securities. The defendant's answer contained a general denial, a plea of payment, and a plea of accord and satisfaction. The judge found for the plaintiff, and the case comes before us upon the defendant's exceptions to the judge's refusal to grant certain of his requests for rulings. No findings of fact were made by the judge.

There was evidence that the bankrupt, a Massachusetts corporation authorized to carry on a stockbrokerage and investment business, was originally organized under the name of Feldman, Rothstein & Company, Inc. In 1934 its name was changed to Feldman & Company, Inc., the present name of the company.

The management and control of the company's business were in the board of directors, the agreement of association providing that "The Board of Directors shall have the entire control and management of the corporation, its property and business." The original members of the board of directors of the corporation were Albert Feldman, Richard Feldman and Solomon Rothstein. On April 6, 1934, when it was voted to change the name of the corporation, its officers were described in the articles of amendment as a president and treasurer and three directors, Albert Feldman being named as president, treasurer and a director, and Richard Feldman being named as clerk and a director. They were also described as a majority of the directors.

The defendant opened an account with the corporation and as a result of transactions concerning the purchase and sale of securities between July 31, 1933, and December 19, 1933, there was a balance due from him to the corporation

of $1,561.60. The defendant testified that Richard Feld-
man was the only representative of Feldman & Company,
Inc., with whom he ever had any transactions; that in
general he did his business with him, opened his account
with him, made financial arrangements with him, and dealt
with him with reference to whether he would have to fur-
nish collateral security and, if so, the amount thereof. The
corporation held as collateral for the payment of the bal-
ance due from the defendant six hundred shares of stock
owned by him.

The defendant introduced in evidence a carbon copy of
a letter written to him dated September 10, 1934, which
read as follows: "Your account at the present time, based
on present markets, is so far under water that against the
balance due us of about $1460.00 there is a present market
value of about $775.00. It is my understanding that you
are in no position to provide additional collateral and if it
is agreeable to you, I will wipe this account off the books
and send you a receipted bill. This would involve a loss to
us about $675.00. If you think this procedure is fair, please
advise. Sincerely." The defendant testified that the origi-
nal letter was signed by Albert Feldman; that upon its
receipt he talked with Richard Feldman and told him about
the letter; that Richard told him that the corporation
would take whatever collateral the defendant had deposited
with it and would "wipe off the account on that basis";
that he told Richard "to dispose of it in whatever way he
had to, to settle the account"; that the latter stated that
"whatever securities the corporation had on hand it would
accept in payment for whatever [was] owed the corporation
and would sell said securities"; and that he told Richard
Feldman "to go ahead and do so." There is nothing in the
record to show who the third director of the corporation
was at that time.

At the close of the evidence the defendant requested the
judge to rule: "1. The evidence establishes that there was
an accord and satisfaction between the plaintiff's bankrupt
and the defendant. 2. The evidence warrants the finding
that there was an accord and satisfaction between the plain-

tiff's bankrupt and the defendant. 4. Upon all the evidence, Richard Feldman had authority to enter into an accord and satisfaction with the defendant." The judge denied these requests subject to the defendant's exceptions and found for the plaintiff in the sum of $926.10.

The denial of the defendant's first and fourth requests for rulings was not erroneous. Those requests were in effect for findings of fact upon all the evidence which the judge was not required to make. *Condé Nast Press, Inc.* v. *Cornhill Publishing Co.* 255 Mass. 480, 484, 485. *Howard* v. *Malden Savings Bank,* 300 Mass. 208, 211.

The second request, however, was for a ruling that the evidence was sufficient to warrant a finding of an accord and satisfaction. If such a finding was supportable on the evidence, the defendant was entitled to the ruling requested or to a statement by the judge of findings of fact sufficient to show that it had become irrelevant. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455, 456. *Marquis* v. *Messier,* 303 Mass. 553, 555, 556.

We are of opinion, however, that it cannot be said properly that the evidence would support a finding in the present case of an accord and satisfaction that was binding upon the corporation. It is true as argued by the defendant that the corporation through its board of directors had authority to compromise claims in its favor or against it under the terms of the agreement of association whereby "the entire control and management of the corporation, its property and business" was confided to the directors. See G. L. (Ter. Ed.) c. 156, § 25. It is also true that where a majority of a board of directors of a corporation participate in the doing of a corporate act within their powers and the other directors have knowledge of and adopt it by acquiescence or otherwise the corporation is bound by their action, and this without a formal meeting and vote of the board, *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250, 251; *Cashin* v. *Corporation Finance Co.* 251 Mass. 60, 63; *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 532, 533; *Sherman* v. *Fitch,* 98 Mass. 59, 64; *Vigeant* v. *Jeanne D'Arc Credit Union,* 271 Mass. 479, but this does not mean that

a majority may bind the corporation by an act required to be performed by the directors where the other members of the board have no knowledge of the transaction at the time it is entered into, and do not subsequently adopt it either expressly or impliedly, except in some rare and unusual circumstances not shown to have been present in the case at bar. See *Albert E. Touchet, Inc.* v. *Touchet,* 264 Mass. 499, 507.

In the present case there is nothing to show that the third director of the corporation had any knowledge of the alleged accord and satisfaction between Albert Feldman and Richard Feldman and the defendant. Although Albert Feldman was president and treasurer as well as a director of the corporation, and Richard Feldman was clerk and a director of the corporation, their respective offices as president and treasurer and as clerk, of themselves, did not confer upon them any power to bind the corporation outside of a "comparatively narrow circle of functions specially pertaining to their offices." *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 532, and cases cited. *DeBlois* v. *Boylston & Tremont Corp.* 281 Mass. 498, 520. *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 58, 59. *Stoneman* v. *Fox Film Corp.* 295 Mass. 419, 425. See also *Mack Realty Co.* v. *Beckley Hardware & Supply Co.* 107 W. Va. 290, 294; *Jacob* v. *Gratiot Central Market Co.* 267 Mich. 262; *Nickey Bros.* v. *Lonsdale Manuf. Co.* 149 Tenn. 391; *Elblum Holding Corp.* v. *Mintz,* 120 N. J. L. 604; *Gregory* v. *Lamb,* 16 Neb. 205; *First National Finance Corp.* v. *Five–O Drilling Co.* 209 Cal. 569.

The evidence in the present case would warrant a finding that Richard Feldman had apparent or ostensible authority to deal with the defendant in the matter of the purchase and sale of securities and to determine whether he would have to furnish collateral security and, if so, the amount thereof, since an implied delegation of authority to an agent may arise from a course of conduct showing that a principal has repeatedly acquiesced therein and adopted acts of the same kind. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550. *Federal National Bank of Boston* v. *O'Connell,* 305 Mass.

559, 566, and cases cited. *Schleifer* v. *Worcester North Savings Institution,* 306 Mass. 226, 228, 229; *S. C.* 310 Mass. 110, 115. Am. Law Inst. Restatement: Agency, § 43. The apparent scope of an agent's authority is limited, however, to that which falls within the general class of acts done by him over a considerable period of time. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 557. See *Continental Ins. Co.* v. *Schulman,* 140 Tenn. 481; *Massachusetts Bonding & Ins. Co.* v. *Transamerican Freight Lines, Inc.* 286 Mich. 179. And in the case before us there was no evidence that either Albert or Richard Feldman or both had at any time prior to the alleged accord and satisfaction entered into any compromise of claims in favor of or against the corporation, or of any course of conduct on their part tending to show any implied or ostensible authority from the board to compromise claims. "It is settled that an agent or officer of a corporation has not ordinarily authority to cancel or release a contract of his principal which is in force." *Massachusetts Hospital Life Ins. Co.* v. *Nesson,* 286 Mass. 216, 222, and cases cited.

There is nothing, moreover, to show any knowledge of or ratification by acquiescence or otherwise of the alleged accord and satisfaction by the third member of the board of directors. Compare *Murray* v. *C. N. Nelson Lumber Co.* 143 Mass. 250, 251. No book entries disclosing the transaction or the application of the collateral to its alleged consummation appear in the record, whatever would be the effect of such entries, in the light of the other evidence, had they been shown to have existed.

In these circumstances we cannot say rightly that a finding of an accord and satisfaction that was binding upon the corporation was supportable upon the evidence. It follows that there was no error in the denial of the defendant's second requested ruling.

*Exceptions overruled.*