*Southern District*

## J. N. GENDREAU, INC.

v.

## QUEQUECHAN PRODUCTS CORP.

Argued: Aug. 9, 1967      Decided: Dec. 1967

*Present:* Nash, C.J., Lee, Cox, J.J.

Case tried to *Driscoll, J.* in the Second District Court of Bristol.

*Lee, J.* This is an action of contract to recover $1,162.58, with interest from January 10, 1962, for rigging and other trucking services. The answer is a general denial, payment and allegate that the action is barred by the Statute of Frauds as a contract not to be performed within one year.

The Court found for the plaintiff in the sum of $776.42 with interest.

A review of the evidence, set out in great detail, shows that the plaintiff at all times dealt with only one person, an Ovid Fauteux, beginning on February 23, 1960 through December 1960 and one further service in January 1962. The defendant corporation was not incorporated until June 6, 1960 and said Fauteux did not hold office until August 27, 1960. Fauteux was president and treasurer of the defendant corporation. One Emile Gendreau, the plaintiff's general manager handled the negotiations with Fauteux. Gendreau, at no time, inquired as to Fauteux's position in the corporation or his authority to act for same.

The plaintiff had some inkling that a corporation was to be formed at some time in the future but continued to deal with Fauteux personally and never did have knowledge of Fauteux's authority to bind the corporation to these business transactions. Furthermore, the plaintiff did not bill the defendant corporation until October 24, 1964, a considerable time after the last transaction. It agreed to perform the services for Fauteux and looked to him for payment.

> "The authority to manage the business affairs of a corporation is primarily vested in its board of directors. Its president and treasurer, merely as the holders of those offices, have little or no inherent power to

bind the corporation outside of a comparatively narrow circle of functions specially pertaining to their offices. ... In the cases in the Commonwealth in which a president or treasurer has been held to have general authority to make contracts it will be found that such authority has been delegated to him either expressly, by means of some by-law or vote of the directors relative to the matter in question or granting to the officer the powers of a general manager, or impliedly by reason of his continued exercise of similar powers in such a manner that the knowledge and approval of the directors or of a majority of them can be reasonably inferred."

*Pattelena* v. *Segel*, 346, Mass. 762, 729. *Kelly* v. *Citizens Finance Co. of Lowell, Inc.*, 306 Mass. 531, 532-533.

The only evidence introduced by the plaintiff to indicate Fauteux's position with the defendant corporation was by answers to interrogatories 5, 6 and 7 proposed by the plaintiff to. the defendant. The answers point out that Fauteux was authorized to draw and issue checks on the account of the corporation for the years, 1960, 1961, 1962 and 1963; that he was connected with the defendant corporation during the years 1960, 1961, 1962 and 1963; and that he was president-treasurer, 1960, 1961 and 1962 and president 1963.

Nowhere is there any scintilla of evidence

authorizing Fauteux to act for the corporation in negotiating contracts or business dealings. Nor could there be any evidence to show that Fauteux had acted for the corporation before in dealings with the plaintiff thereby giving the plaintiff the right to assume that he had such authority and the approval of the directors could be inferred. Gendreau began negotiations with Fauteux as an individual in February 1960 and the defendant corporation was not incorporated until June 6, 1960 and said Fauteux did not become an officer until August 1960.

We rely on the evidence reported as the trial justice made no findings of fact although he did **rule on both parties' requests for rulings of law.**

We find no cause to bind the defendant corporation. Fauteux had no real authority to commit his corporation to any business dealings with the plaintiff. The evidence falls far short of binding the defendant corporation to services rendered Fauteux after June 6, 1960 through any apparent or ostensible authority.

It was prejudicial error to deny the defendant's request number 12 that

> "The evidence does not warrant a finding that an authorized agent of the defendant contracted for the services set forth in the plaintiff's declaration."

It is unnecessary to consider the other requests which the justice denied as number 12 is decisive.

There being reversible error, the finding for the plaintiff should be reversed and judgment should be ordered for the defendant.

J. EDWARD LAJOIE
of Fall River for the Plaintiff.
DESMARIS & WILLIAM A. CAREY
for the Defendant.