# RESCRIPT OPINIONS

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

KENNETH WEISMAN *vs.* THEODORE RUBINOVITZ & another. March 11, 1971. The plaintiff appeals from interlocutory decrees confirming a report and supplementary report of a special master and from decrees ordering the receiver for the corporate defendant to pay certain amounts out of funds in his possession. The reports of the special master are confusing, and we have had to cull, draw together and correlate facts scattered through them. Compare *State Line Contractors, Inc.* v. *Commonwealth,* 356 Mass. 306, 324, *International Tel. & Tel. Corp.* v. *Hartford Acc. & Indemn. Co.* 357 Mass. 282, 285. We have concluded that the decrees were correct except as to two claims. The special master found that after June, 1965, the individual defendant "managed and controlled the assets of the business and was the sole person making all decisions affecting the operation of . . . [the corporation]." All but two of the claims appear to have been within the ordinary scope of the business of the corporation. See *Lydia E. Pinkham Medicine Co.* v. *Gove,* 305 Mass. 213, 219. The claim for legal fees by Messrs. Klarfeld & Klarfeld, who represented both the individual defendant and the corporate defendant, should not have been allowed. In this suit the plaintiff obtained a final decree, affirmed by this court, that he, rather than his stepfather, the individual defendant, was the equitable owner of fifty of the 100 shares of common stock of the defendant corporation. *Weisman* v. *Rubinovitz,* 354 Mass. 765. The special master found that the individual defendant was not a stockholder or officer. No vote of the board of directors was shown, and there is no finding of any authority, apparent authority, or ratification of the employment of counsel. The defence of such a suit does not fall within the ordinary scope of the corporate business or the powers of a manager of its assets and operation. Compare *Kelly* v. *Citizens Fin. Co. of Lowell, Inc.* 306 Mass. 531, 533. The other claim is that of Industrial Surplus Realty, Inc., of which the individual defendant was the principal and controlling officer and his wife and minor son were the stockholders. The special master found that "standing alone" the claim appears to be a proper obligation of the corporate defendant, but that certain evidence "may eventually bear upon an obligation of the Realty Corporation" to the corporate defendant. He added, "If I have the power to do so, I defer any action on the claim . . . and I neither allow nor disallow this claim . . . However, if I do not have the power so to defer action, I allow the claim." In these circumstances, the claim should not be allowed without further hearing. The interlocutory decree confirming the special master's original report is modified by sustaining the plaintiff's exceptions to so much of the report as allowed the claim of Messrs. Klarfeld & Klarfeld and the claim of Industrial Surplus Realty, Inc.; as so modified, the decree is affirmed. The interlocutory decree confirming the special master's supplementary report is affirmed. The decrees ordering the payments by the re-

ceiver are reversed. The case is remanded to the Superior Court for entry of a new decree ordering the receiver to pay the three claims correctly allowed (by Joseph Warner, F. John DeSantis, and Francis J. DiMento) and denying the claim of Messrs. Klarfeld & Klarfeld, and for further hearing and entry of a further decree accordingly on the claim of Industrial Surplus Realty, Inc. The plaintiff is to have costs of appeal.

*So ordered.*

*Stanley M. Cohen* for the plaintiff.