UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROGER L. FRENCH,
           *Plaintiff-Appellant,*

v.

THE CHOSIN FEW, INCORPORATED,
           *Defendant-Appellee.*

No. 02-1048

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-00-294-1-T)

Submitted: March 27, 2003

Decided: April 22, 2003

Before WILKINS, Chief Judge, and WILKINSON and
KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Roger L. French, LAW OFFICES OF ROGER L. FRENCH, Boston, Massachusetts, for Appellant. Gary L. Beaver, ADAMS, KLEEM-EIER, HAGAN, HANNAH & FOUTS, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Roger L. French appeals from the final judgment of the District Court for the Western District of North Carolina dismissing his claims brought under Massachusetts contract law.

French's action was filed in Massachusetts state court, removed to the federal district court in Massachusetts, and transferred to the United States District Court for the Western District of North Carolina. On appeal, French first claims that Appellee, The Chosin Few (hereinafter "CFI"), improperly removed his complaint to the district court in Massachusetts under 28 U.S.C. § 1441 (2000), and accordingly, that district court erred by denying French's motion to remand. We are without jurisdiction to review this claim of error. *See Preston Corp. v. Raese*, 335 F.2d 827, 828 (4th Cir. 1964) (holding that court of appeals has no authority to entertain appeal from order entered by district court not within territorial jurisdiction of court of appeals). Moreover, finding that it would not be in the interest of justice, we decline to transfer this claim to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1631 (2000).

French next claims that the district court erred in awarding summary judgment against him on his claim for breach of contract. We review this claim de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). As noted by the district court, a reading of the 1997 resolutions passed by the members of CFI in Reno, Nevada, provides no support for French's claim that he was retained with actual authority of CFI. Likewise, we agree that French could not have reasonably relied on any semblance of apparent authority. *See Kelly v. Citizens Fin. Co. of Lowell*, 28 N.E. 2d 1005, 1006 (Mass. 1940). Accordingly, we deny relief on this claim.

French next claims that the district court erred in awarding summary judgment against him as to his claim under a theory of quantum

meruit or quasi-contract. Underlying the basis of any meritorious quantum meruit claim is the theory that one party has been unjustly enriched. *See Salamon v. Terra*, 477 N.E.2d 1029, 1031 (Mass. 1985). Because we agree with the district court's conclusion that CFI received no benefit from French's services, there has been no unjust enrichment. Accordingly, this claim is meritless.

French's final claim is that the district court erred when it denied his claim under the Massachusetts consumer protection law. *See* Mass. Gen. Laws ch. 93A. Because this claim was dismissed pursuant to a motion under Fed. R. Civ. P. 12(b)(6), it is also reviewed de novo. *Mylan Labs. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). To make out a claim under the consumer protection law, a plaintiff must show that: (1) defendant's conduct fell within some established concept of unfairness; (2) the conduct must be unethical or unscrupulous; and (3) it must cause substantial injury to a consumer or another businessperson. *See PMP Assocs. v. Globe Newspaper, Co.*, 321 N.E.2d 915 (Mass. 1975). A good faith dispute as to whether money is owed is not actionable under that statute. *See Duclersaint v. Fed. Nat. Mortg. Ass'n*, 696 N.E.2d 536, 540 (Mass. 1998). French has not alleged any actions by CFI that amount to unethical or unscrupulous conduct. Accordingly, we find that the district court did not err in dismissing French's claim under the consumer protection law.

We affirm the judgment of the district court. We deny CFI's motions to file an addendum to the joint appendix and for costs associated with a previously filed supplemental joint appendix. We grant CFI's motion to decide the case without oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*